## O'DANIEL'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 143, Docket 21169.

United States Court of Appeals
Second Circuit.

April 4, 1949.

John F. LeViness, Jr., of New York City, for Ruth O'Daniel and Guaranty Trust Co. of New York, as executors of the last will and testament of Edgar V. O'Daniel, deceased, appellants-petitioners.

Theron Lamar Caudle, Asst. Atty. Gen. and Ellis N. Slack and Louise Foster, Sp. Assts. to the Atty. Gen., for Commissioner of Internal Revenue, respondent-appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

■ The decedent was in the employ of American Cyanamid Company for more than twenty years prior to his death, which was on November 4, 1943, and at that time was a vice-president and director of the company. The company had a bonus plan in which the decedent had participated for a number of years. No employee had any enforceable right under the plan to an allotment of a bonus for the current year until that share was designated by the proper officer. No share of the bonus for 1943 was designated for the decedent until March 14, 1944, several months after his death. It amounted to $28,143.65 and was paid to his estate during the year 1944. The Commissioner in assessing the petitioners' income for 1944 added the foregoing sum, which had not been reported by the estate in its return, and thereby determined a deficiency in income tax for that year. The Tax Court approved the Commissioner's determination and from its order adjudging a deficiency in taxes for the year 1944 the petitioners have appealed. We hold that the Tax Court was right and should be affirmed.

Section 126(a) of the Internal Revenue Code, 26 U.S.C.A. § 126(a), provides as follows:

"(a) Inclusion of gross income.

"(1) General rule. The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

\*　\*　\*　\*　\*　\*

"(3) Character of income determined by reference to decedent. The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction by which the decedent acquired such right; and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount."

The amount of $28,143.65 was plainly gross income in respect of the decedent which had to be included in the taxable year when received for the reason that the right to receive it was "acquired by the decedent's estate from the decedent" within the meaning of Section 126(a)(1)(A), supra. It is true that the decedent would not have had a legally enforceable right to receive the foregoing amount until it was allocated by the American Cyanamid Company, but the payment clearly represented compensation for his services and any right to receive it that was realized by his estate was acquired through him and never arose in any other way or through any other source. This is made all the more clear by subdivision (3) of Section 126(a) by the statement that "the amount includible in gross income \* \* \* shall be considered in the hands of the estate \* \* \* to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount." We believe it is not disputed that if the decedent had lived and received the bonus in the year 1944, it would have been reportable and taxable in that year as income for services. Treasury Regulations 111, promulgated under the Internal Revenue Code, Section 29.126-1 provide that "these amounts are included in the income of the estate \* \* \* when received by them, regardless of whether or not they report income on the basis of cash receipts and disbursements."

■ The Congressional Reports show that it was the object of the legislation that resulted in Section 126(a) supra to spread over several years the tax on the income of a decedent which had "accrued" at his death, as that term was broadly construed by the Supreme Court in Helvering

v. Enright, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093, and later by this court in Commissioner v. Guaranty Trust Co. of New York, 2 Cir., 144 F.2d 756, and by the Court of Appeals for the Fourth Circuit in Helvering v. McGlues Estate, 119 F.2d 167, 169-71. Section 126 avoided lumping all the income into the year of death, with resultant heavy surtaxes upon sums which were not received in that year, thus affording relief against unexpected hardships which a person reporting on a cash basis might suffer. Pertinent portions of the Report of the Committee on Finance, S. Rep. No. 1631, 77th Cong., 2d Sess. pp. 100-02 [1942-2 Cum.Bull. 504, 579-81] are set forth in the margin.[1] The result of the view adopted by the Commissioner and the Tax Court, with which we are in accord, is to impose income taxes upon a bonus paid for the services of the decedent during the year in which it was received. The bonus was derived through rights he had acquired, which even if not fixed at the time of his death were then expectancies which later bore fruit. It seems apparent from what we have already said that "the right * * * acquired by the decedent's estate from the decedent" which is referred to in Section 126(a)(1)(A) is not necessarily a legally enforceable right but merely any right derived through his services rendered while living. Such a right as we have mentioned passed to his executors under his will and moneys received by virtue of it became taxable in the year when the payments were received.

For the foregoing reasons, the order of the Tax Court is affirmed.

---

[1] "Since the Revenue Act of 1934 the revenue laws have contained provisions including in the income of a decedent for the period in which falls the date of his death all income accrued up to the date of his death not otherwise properly includible in respect of such period or a prior period. While such income should be subject to income tax, hardship results in many cases from including in the income for the decedent's last taxable period amounts which ordinarily would be receivable over a period of several years. This section changes the existing law by providing that such amounts shall not be included in the decedent's income but shall be treated, in the hands of the persons receiving them, as income of the same nature and to the same extent as such amounts would be income if the decedent remained alive and received such amounts. * * * The right to income is treated in the hands of the decedent differently from his other property, and when his estate or his legatee takes his place with respect to this income, it is proper to continue to treat this right in their hands in the same manner as it would be treated in the hands of the decedent.

    "All amounts of gross income which are not includible in the income of the decedent will, when received, be includible in the income of the person receiving such amounts by inheritance or survivorship from the decedent under section 126, to be added to the Code by subsection (e) of this section. The persons who are placed, with respect to such amounts, in the same position as the decedent are the decedent's estate, which in the great majority of cases will receive such amounts. * * *

    "Subsection (a) (3) of section 126 provides that the right to receive an amount described in subsection (a) (1) shall be treated in the hands of a person described in that subsection as if it had been acquired in the transaction by which the decedent acquired such right, and shall be considered as having the same character it would have had if the decedent had lived and had received such amount. This provision is designed to place the person described in subsection (a) (1) in the same position with respect to the nature of this income as the position the decedent enjoyed. * * * If the amounts would have constituted earned income to the decedent, such amounts shall constitute earned income to the person including such amounts in his gross income to the same extent as if he had engaged in place of the decedent in the transaction in which the amounts were earned."