**ESTATE of Charles A. RIEGELMAN, Deceased, William I. Riegelman, Carol R. Lubin and Arthur L. Strasser, Executors, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 114, Docket 24715.**

United States Court of Appeals Second Circuit.

Argued Dec. 12, 1957.

Decided March 10, 1958.

Strasser, Spiegelberg, Fried & Frank, New York City (Robert H. Preiskel, New York City, of counsel), for petitioners.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Meyer Rothwacks, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

Petitioners, executors of the estate of Charles A. Riegelman, seek reversal of a decision of the Tax Court sustaining a deficiency assessed by the Commissioner in the estate tax reported by the executors. The sole issue is whether the gross estate of the deceased includes the value of the right of his estate to receive from a law partnership of which he had been a member certain payments which represented a share of post-death partnership income.

The relevant facts are not in dispute. Charles A. Riegelman on the date of his death, July 20, 1950, was the senior partner of the law firm of Riegelman, Strasser, Schwarz and Spiegelberg. The partnership owned no significant tangible property, though it did own nominal assets such as office furniture, fixtures, and a library. Decedent had not made any capital contributions to the partnership. The partnership agreement in effect at Riegelman's death provided that upon the death of a partner the partnership should not thereby be dissolved, but that the estate of the deceased partner should be entitled to receive specified payments. Specifically, these payments (as found by the Tax Court) consisted of:

"(i) The deceased partner's share of the undistributed profits realized and collected by the partnership prior to his death, plus his share of the profits realized and collected after his death which were attributable to work completed prior to his death, and

"(ii) A share, for a specified period of time, of the post-death partnership fees and profits which were attributable to work completed after the deceased partner's death on matters in process at the date of his death and matters upon which work was commenced and completed after the date of his death."

The petitioners timely filed an estate tax return and included therein, as part of the gross estate, the value of the payments to which they were entitled under (i) above, and, in addition, the value of any further payments which they were entitled to receive for the work done during the lifetime of the decedent. They did not include as part of the gross estate the value of payments to be received by the estate for work done subsequent to Riegelman's death. The Commissioner concluded that the latter sums, the value of which was stipulated by the parties at $95,000, should have been included in the gross estate, and accordingly assessed a deficiency. The Tax Court sustained the Commissioner.

The rationale underlying inclusion in the gross estate of the value of an estate's right to receive a portion of the income earned by a partnership subsequent to the death of a deceased partner has been adequately considered elsewhere and does not require an extended

discussion here. See McClennen v. Commissioner, 1 Cir., 1942, 131 F.2d 165, 144 A.L.R. 1127; 1 Paul, Federal Estate and Gift Taxation § 4.08 (1942); Rabkin and Johnson, The Partnership Under the Federal Tax Laws, 55 Harv.L.Rev. 909 (1942). Section 811 of the Internal Revenue Code of 1939, 26 U.S.C. § 811, states that:

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

"(a) Decedent's interest. To the extent of the interest therein of the decedent at the time of his death * * * *"

The right of Riegelman's estate to share in the profits of the partnership for the stipulated period after his death was a chose in action, in lieu of that to which it would have succeeded in the absence of an agreement, which passed from Riegelman to his estate as a part of his wealth and hence was properly includable in his gross estate for the purpose of computing an estate tax. McClennen v. Commissioner, supra.

The petitioners, however, rely upon Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421 as controlling authority for the proposition that the value of such payments is not subject to an estate tax unless capital was a material income-producing factor in the business conducted by the partnership or the deceased partner had made capital contributions to the partnership. The decedent there was a partner in a firm of shipbrokers, the business of which did not require the use of a significant amount of capital. The articles of partnership provided that upon the death of a partner his estate should have " 'the option of withdrawing his interest from the firm within thirty days after the probate of will' " and that if it did not so elect "the survivors should continue the business for one year subsequent to

his death, and his estate should 'receive the same interests, or participate in the losses to the same extent,' as the deceased partner would, if living * * *" 295 U.S. 247, 251, 55 S.Ct. 695, 696, 79 L.Ed. 1421. Bull's executors did not exercise the option of withdrawing, and the business continued as contemplated by the agreement. The estate tax return filed by the executors included only the partnership profits earned prior to Bull's death; but, upon the assessment of a deficiency by the Commissioner, they paid an estate tax on the entire amount paid to Bull's estate by the partnership. Subsequently, the estate filed its income tax return and did not include therein the amounts received after Bull's death as post-death partnership income. The Commissioner determined that an income tax was payable on the amounts so received. The Court of Claims sustained him, and rejected the estate's demand for refund of the estate tax on the ground that a refund was barred by the statute of limitations. On certiorari the Supreme Court sustained the Court of Claims as to the imposition of income tax, holding that since the firm had no capital assets the payments made to the estate could not constitute the purchase price of decedent's interest in the partnership—therefore the payments were income to the estate. In addition, the Court held the Commissioner erred by including in the decedent's gross estate the exact amount of the payments so received.

In the present case the Tax Court distinguished Bull on the ground that the present agreement, unlike that in Bull, does not provide for the continuation of the partnership with decedent's estate as a partner. We agree. In the course of its opinion in Bull the Supreme Court said that "In the light of the facts it would not have been permissible to place a value of $212,718.99 [the amount received by the estate attributable to partnership earnings subsequent to Bull's death] or any other value *on the mere right of continuance of the partnership relation* enuring to Bull's estate." 295

U.S. 247, 256, 55 S.Ct. 695, 698, 79 L.Ed. 1421. (Emphasis supplied.) And, in Helvering v. Enright's Estate, 1941, 312 U.S. 636, 641, 61 S.Ct. 777, 780, 85 L.Ed. 1093, the Supreme Court characterized Bull as involving "the effect of agreements for continuation of an interest in the partnership after death." The agreement under which Riegelman's estate received a share of the income earned after Riegelman's death did not provide for a continuance of the partnership relation, and, in the absence of such a provision, we agree with the Tax Court that Bull is not controlling here.

We think, however, that there is a more fundamental reason for holding Bull inapplicable to the case at bar. That decision was handed down in 1935 and involved estate tax liability accruing during the year 1920. During the intervening years Congress has enacted substantial changes in the Internal Revenue Code. We deem of particular importance § 134(e) of the Act of October 21, 1942, 56 Stat. 831, incorporated as § 126 of the Internal Revenue Code of 1939, 26 U.S.C. & 126. That section introduced into the income tax provisions of the Code the concept "income in respect of a decedent." Subsection (a)(1) thereof provides:

> "The amount of all items of gross income in respect of a decedent which are not properly includable in respect of the taxable period in which falls the date of his death or a prior period shall be included in the gross income, for the taxable year when received, of:

> "(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent  *  *  *"

Subsection (c) of that section provides for a deduction of the portion of the estate tax attributable to inclusion in the estate of the right to receive such income. A reading of subsection (c) indicates that it contemplates that an estate tax is payable on the value for estate tax purposes of all the items described in subsection (a)(1). The ques-

tion here, therefore, is whether the post-death partnership income received by Riegelman's estate constitutes "income in respect of a decedent," for it is clear that the right to receive these amounts was acquired by the estate from the decedent. Section 126 was enacted by Congress primarily in response to the holding of the Supreme Court in Helvering v. Enright's Estate, supra. In that case, the Supreme Court, construing § 42 of the Internal Revenue Code of 1934, 26 U.S.C.A. Int.Rev.Code, § 42, held that the gross income of a decedent for the reporting period ending with his death included his share of profits earned but not yet realized by the partnership of which he was a member, even though both the decedent and the partnership reported income on a cash receipts and disbursements basis rather than on an accrual basis. This holding had the effect of "bunching" into one tax return income which would otherwise have been distributed over two or more years. Section 126 was conceived as affording relief for this situation. In light of this purpose, it has been suggested that the applicability of the section is limited to relieving the "bunching" effect produced by the definition given the term "accrued" in Enright's Estate. See Rabkin and Johnson, Federal Income, Gift and Estate Taxation § 16.11. Our decisions, however, have not recognized any such limitation, and the Ninth Circuit has affirmatively rejected it. Commissioner of Internal Revenue v. Linde, 9 Cir., 1954, 213 F.2d 1. In O'Daniel's Estate v. Commissioner, 2 Cir., 1949, 173 F.2d 966, 967, we held payments made to the estate of the decedent taxable as "income in respect of a decedent" even though the decedent had no enforceable right to the payments during his lifetime. Although the opinion intimated that the right to the payment might have been accrued under the rationale of Helvering v. Enright's Estate, our decision in Bausch's Estate v. Commissioner, 2 Cir., 1951, 186 F.2d 313, 314, was a square holding that "accrual" of a payment during decedent's lifetime was not neces-

sary. In Bausch the corporation which had employed decedent made twelve monthly payments to his estate equal in amount to the decedent's salary. The payments were made pursuant to a custom established by the employer, and no enforceable right to the payments ever existed. We held that the amounts so received were taxable as "income in respect of a decedent." In Bausch, as in O'Daniel, primary reliance in holding § 126 applicable was placed upon the fact that the income received by the estate was attributable to the activities of the decedent during his lifetime. Our decision in these cases was followed in Commissioner of Internal Revenue v. Linde, supra, in which the taxpayer argued that unless the amounts received by the estate would have "accrued" pursuant to Helvering v. Enright's Estate, supra, prior to the death of the decedent under § 42 of the Internal Revenue Code of 1934 there would be no "income in respect of a decedent" under § 126 of the 1939 Act. The Ninth Circuit rejected the argument, holding that the section did not have such a limited purpose. These cases support the proposition that the post-death partnership income paid Riegelman's estate is properly characterized as "income in respect of a decedent." See Mandel v. Sturr, 57–1 C.C.H.U.S. Tax Cases ¶9668 (S.D.N.Y. 1957). The payments were not gifts, nor were they attributable to anything done by Riegelman's estate. They were the fruits of the man's professional activity during his lifetime; and this is so whether the payments are considered to be in the nature of additional compensation for services performed by him during his lifetime or are considered to be in lieu of the chose in action to which his estate would have succeeded in the absence of a specific agreement. See Note, 65 Harv.L.Rev. 1024(1952).

Since these payments were items of income covered by § 126(a)(1) we conclude that the stipulated value of the right to receive the payments is includable in the gross estate of the decedent for the purpose of determining an estate tax. Insofar as Bull v. United States is contrary to this conclusion, we think that it no longer states the applicable law. The decision of the Tax Court sustaining the deficiency assessed by the Commissioner is affirmed.