Anne V. **BERNARD**, Plaintiff,

v.

**UNITED STATES of America**, Defendant.

United States District Court
S. D. New York.
Feb. 27, 1963.

Winick, Hoffman & Grumet, New York City, for plaintiff, Leonard Maran, Harry J. Winick, New York City, of counsel.

Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, for defendant, Robert Arum, Asst. U. S. Atty., of counsel.

DAWSON, District Judge.

These are cross-motions brought under Rule 56 of the Federal Rules of Civil Procedure seeking summary judgment. The plaintiff seeks a refund of certain income taxes paid by her for the years 1955 through 1957. The defendant seeks judgment dismissing the action. The applicable sections of the Internal Revenue Code are set out in the margin.*

---

* "§ 691. Recipients of income in respect of decedents

"(a) Inclusion in gross income.—

"(1) General rule.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death * * * shall be included in the gross income, for the taxable year when received, of:

"(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

"(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or

"(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance if the amount is received after a distribution by the decedent's estate of such rights.

\*   \*   \*   \*   \*

"(3) Character of income determined by reference to decedent.—

"The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent

or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction in which the right to receive the income was originally derived and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount.

\*   \*   \*   \*   \*

"(c) Deduction for estate tax.—

"(1) Allowance of deduction.—

(A) General rule.—A person who includes an amount in gross income under subsection (a) shall be allowed, for the same taxable year, as a deduction an amount which bears the same ratio to the estate tax attributable to the net value for estate tax purposes of all the items described in subsection (a) (1) as the value for estate tax purposes of the items of gross income or portions thereof in respect of which such person included the amount in gross income (or the amount included in gross income, whichever is lower) bears to the value for estate tax

The parties have stipulated to all the material issues of fact.

On or about January 20, 1945, plaintiff's deceased husband, Jules E. Bernard (decedent), entered into two employment contracts with J. E. Bernard & Company, Inc. of New York and J. E. Bernard & Company, Inc. of Chicago (Corporations), each engaged in business as Custom House brokers. Decedent was employed by both Corporations. The contracts contain substantially similar provisions. In substance the Corporations agreed to employ the decedent for his natural life at fixed annual salaries, in addition to bonuses to be mutually agreed upon each year.

█ Under the terms of the contracts the Corporations agreed to pay the plaintiff (taxpayer) certain moneys upon the death of the decedent. The basis of the payments is the salaries and bonuses received by the decedent in the calendar year preceding his death. For each of the first two years following her husband's death the plaintiff would receive an amount equal to those salaries and bonuses. Following this two year period, the plaintiff, for the rest of her natural life, would receive annually an amount equal to one-half of those salaries and bonuses. Upon the death of the plaintiff the payments would continue in like amount to both or either of the surviving children. The contracts recite that these payments are "in recognition of the services rendered by [decedent]."

Plaintiff's husband died on June 30, 1955. Salaries and bonuses paid to decedent in the calendar year 1954 amounted to $17,862.70. Plaintiff taxpayer received approximately an aggregate of $45,500 from the Corporations in 1955,

1956 and 1957. Such income was included in her income tax returns for those years and a tax of $20,195.38 paid based upon this income alone.

The value of the two contracts of decedent with the Corporations was included in decedent's estate for federal estate tax purposes. The District Director of the Internal Revenue Service ruled that the contracts were property includible in the decedent's gross estate and a value of $150,000 was placed upon them.

Claims for refund were filed by the taxpayer for $20,195.38 paid in 1955, 1956 and 1957 on income derived through the contracts. It is contended by plaintiff that, since the contracts were included as assets in the estate tax return of the decedent at a value of $150,000, the plaintiff was entitled to receive tax free an equivalent amount from the Corporations. On May 9, 1961 the District Director issued statutory notices of disallowance of plaintiff's claims. Plaintiff commenced suit to recover these amounts in April, 1962.

The sole issue confronting the Court is whether income to the taxpayer as a result of the contracts is "income in respect of a decedent" as that term is used in Section 691 of the Internal Revenue Code. If so denominated the income is taxable to the plaintiff and a deduction allowed for the amount paid on the estate tax. Section 691(c). If such moneys are not income in respect of a decedent then the contracts have a basis of $150,-000 and no income tax should be paid until that amount is exceeded. Section 1014.

Some historical background of Section 691 and its predecessor, Section 126 of the 1939 Code, is necessary to under-

purposes of all the items described in subsection (a) (1).

\* \* \* \* \*

"§ 1014. Basis of property acquired from a decedent

"(a) In general.—Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or

otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date of the decedent's death \* \* \*.

\* \* \* \* \*

"(c) Property representing income in respect of a decedent.—This section shall not apply to property which constitutes a right to receive an item of income in respect of a decedent under section 691."
26 U.S.C. §§ 691, 1014.

stand the congressional intent which led to its passage.

Prior to 1934, under the then existing revenue statutes, money earned by a taxpayer reporting on a cash basis which had not been received at the date of death, was not subject to income tax. In contrast, the taxpayer on the accrual basis was subject to tax on moneys earned but not collected before death.

To rectify this inequity, Congress passed Section 42 of the Revenue Act of 1934 which provided that the last return of every decedent should include amounts accrued up to the date of his death. The Supreme Court interpreted this section in Helvering v. Enright, 312 U.S. 636, 61 S.Ct. 777, 85 L.Ed. 1093 (1941). It said:

"Accruals here are to be construed in furtherance of the intent of Congress to cover into income the assets of decedents, earned during their life and unreported as income, which on a cash return, would appear in the estate returns. Congress sought a fair reflection of income. * * * The completion of the work in progress was necessary to fix the amount due but the right to payment for work ordinarily arises on partial performance. Accrued income under § 42 for uncompleted operations includes the value of the services rendered by the decedent, capable of approximate valuation, whether based on the agreed compensation or on quantum meruit." 312 U.S., at p. 644, 61 S.Ct. at p. 782, 85 L.Ed. 1093.

The result of the Enright case was to bunch income of the decedent that might have extended over several years had he lived. Such bunching of income placed the decedent in a higher surtax bracket which was thought to be unfair. In 1942 Congress enacted Section 126 of the 1939 Code. This is the first time that the concept, "income in respect of a decedent," appears in any tax legislation. The section was designed to relieve the bunching effect but there is nothing to indicate that Congress intended thereby to allow any income to escape taxation altogether. The money, rather than being taxed to the decedent, was taxed to the recipient in the same manner it would have been taxed to the decedent had he lived.

The Senate Committee on Finance stated:

"While such income should be subject to income tax, hardship results in many cases from including in the income for the decedent's last taxable period amounts which ordinarily would be receivable over a period of several years. This section changes the existing law by providing that such amounts shall not be included in the decedent's income but shall be treated, in the hands of the persons receiving them, as income of the same nature and to the same extent as such amounts would be income if the decedent remained alive and received such amounts." Report of the Committee on Finance, S.Rep.No.1631, 77th Cong., 2d Sess. (1942-2 Cum.Bull. 504, 579).

Several courts and textbook writers have interpreted Section 126 and Section 691 of the 1954 Code and some guidelines have been established. See generally, 2 Mertens, Law of Federal Income Taxation § 12.102a–12.102d (1961).

In Commissioner of Internal Revenue v. Linde, 213 F.2d 1 (9th Cir. 1954), decedent was a farmer who owned and operated vineyards. He marketed his wine grapes by delivering them to cooperative marketing associations of which he and other grape growers were members. At the time of his death the cooperative owed him money on grapes he had previously delivered. The amount due could not be ascertained until the wine had been sold by the cooperative. Since the decedent would have received payment had he lived, and because he had owned and delivered grapes which gave rise to the payments, the court held the money income in respect of a decedent and taxable to the widow as ordinary income.

United States v. Ellis, 154 F.Supp. 32 (S.D.N.Y.1957), aff'd 264 F.2d 325 (2d Cir. 1959), involved a partnership engaged in the insurance brokerage business. After the death of the decedent partner, the widow continued to receive a portion of the net profits equal to one-half of her husband's share for ten years after his death. The court concluded that these payments were income in respect of a decedent. No difficulty was encountered by the court because the payments were to commence upon the death of the decedent. It placed stress upon the source of the income. "The right which decedent acquired had its source exclusively in the contract, which * * * actually preserved Ellis' partnership position intact at a reduced percentage for ten years after his death. This contract did not result from any bargain between the surviving partners and Ellis' estate but stemmed solely from Ellis' efforts and bargaining position during his lifetime. The ten-year partnership extension recognized these services and his dominant position in contrast to three and six year periods for the other partners." 264 F.2d 325, at page 327.

Riegelman's Estate v. Commissioner of Internal Revenue, 253 F.2d 315 (2d Cir. 1958), concerned the inclusion of post-death partnership profits in the estate of the decedent. A resolution of this question necessitated a finding as to whether the payments were income in respect of a decedent. The agreement under which the money was transferred provided for payment, among other things, upon work which was commenced and completed after the date of his death. The court said: "The payments were not gifts, nor were they attributable to anything done by Riegelman's estate. They were the fruits of the man's professional activity during his lifetime; and this is so whether the payments are considered to be in the nature of additional compensation for services performed by him during his lifetime or are considered to be in lieu of the chose in action to which his estate would have succeeded in the absence of a specific agreement. See Note, 65 Harv.L.Rev. 1024 (1952)." 253 F.2d 315, at page 319.

In the instant case there is no question that the taxpayer did not do anything to earn these payments. They are in recognition of services rendered by decedent either prior to or subsequent to the signing of the contracts in 1945. The yearly amounts which the taxpayer will receive are based upon the salaries and bonuses that her husband earned. While it is true that the contract right came into effect only upon the death of the decedent this was also true in the Ellis and Riegelman cases, supra. It is not necessary that the decedent would have been entitled to the money had he lived. Otherwise all payments that commenced upon death would escape income tax. The critical question that must be answered is, who did the work or performed the services that gives rise to the income. If it is the decedent then such payments fall within Section 691 and are taxed to the recipient in the way that they would have been taxed to the decedent.

The taxpayer would have the Court treat these contract rights as capital assets. As the court said in United States v. Ellis, "[t]he fallacy of taxpayer's arguments may be traced to her attempt to treat the partnership contract as if it were a coupon bond, a royalty contract, a leasehold or a patent. * * * This position might have been taken by the Congress but the law as actually passed is section 126." 264 F.2d 325, at page 327.

There is no problem here of double taxation. Section 691(c) allows the amount paid in estate taxes to be recovered by the taxpayer. This was equally true under Section 126. United States v. Ellis, 154 F.Supp. 32, 39 (S.D. N.Y.1957).

Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted.

So ordered.