Evelyn Z. LEVIN, Executrix of the Estate of David C. Levin, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 65-632-S.

United States District Court
D. Massachusetts.
May 27, 1966.

David Burstein, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., John Paul Sullivan, Asst. U. S. Atty., Boston, Mass., for defendant.

## OPINION

SWEENEY, District Judge.

The plaintiff sues for a refund of income taxes which she alleges were erroneously assessed and collected for the fiscal years ended September 30, 1959, 1960 and 1961.

### Findings of Fact

The facts are stipulated, and the court adopts them as its findings of fact.

The plaintiff is the executrix of the estate of David C. Levin who was her husband and who died testate on December 7, 1958. The decedent had been in the business of lending money to individuals secured by second mortgages on real estate. Both, the decedent's method of doing business and the issues involved in this case are best presented by the following hypothetical illustration which is a part of the stipulation of facts:

The testator lends $8,000 to an individual borrower in exchange for a note of $10,000, payable in installments over a period of four years. The $2,000 difference is so-called "unearned bonus." The testator dies at the end of the second year. On the date of his death, the face amount of the note has been reduced by principal payments to $6,000. He is on a cash basis. It is further assumed that as of the date of his death, $1,000 of the original "unearned bonus" has been earned and that $800 of this amount has been collected.

As of the moment preceding the death of the decedent, the state of the account would be as follows:

The face amount of the note would be $6,000;

Of the amounts collected, $3,200 would have been applied to the original cash advance, so that the balance of the cash advanced would be $4,800;

$1,000 of the "unearned bonus" would have been earned during the decedent's life, of which only $800 would have been collected, leaving a balance of $200 earned but uncollected;

$1,000 of the "unearned bonus" would not have been earned or collected as of the date of death. Assuming that this amount was collected after the death, the parties are in issue as to the proper tax treatment thereof. Stipulation, paragraph 17.

During his life, "the decedent would allocate payments on the principal of the face amount of the note between the portion of the face amount which represented the amount actually advanced and the amount which reflected the additional

interest included in the face amount of the note [unearned bonus],[1] and would report the latter item as taxable income in his income tax return." Stipulation, paragraph 7. The plaintiff received payments on account of these notes during the fiscal years in issue and she, also, distinguished between return of principal and "unearned bonus," and "reported as income in respect of a decedent all of the amount allocated to 'unearned bonus,' without distinguishing between the portion of such bonus which was earned before and the portion earned after the date of the death of the decedent." Stipulation, paragraph 12. The parties are agreed that any "unearned bonus" which was earned, but not collected prior to the decedent's death ($200 item in the hypothetical) is income in respect of a decedent. But the plaintiff now claims that the "unearned bonus" earned after the death of Mr. Levin was payment of principal and that she is entitled to a refund of income taxes paid on account thereof.

In her estate tax return the plaintiff valued the notes at face value less a 7% discount, and she argues here that the fair value of the notes as per the estate tax return less the portion admittedly attributable to income in respect of a decedent established the basis of the notes. The concluding contention, of course, is that she was taxable only on the amount collected in excess of her basis.

Section 2031 of Title 26, U.S.C. provides that "[t]he value of the gross estate of the decedent shall be determined by including * * * the value at the time of his death of all property * * *." The basis of property acquired from a decedent is, as defined in relevant part in Section 1014(a), 26 U.S.C.,[2] the fair market value of the property at the date

of the decedent's death. But section 1014 (c) provides that "This section shall not apply to property which constitutes a right to receive an item of income in respect of a decedent under section 691." The first question, consequently, is, what portion, if any, of the "unearned bonus" is income in respect of a decedent.

■ There is no doubt that the plaintiff acquired the right to receive the amounts of "unearned bonus" from the decedent, and under section 691(a) (3) that right is to have the same character in the hands of the plaintiff which it would have had in the hands of the decedent. The cases have held consistently that the criterion of taxability of income as income in respect of a decedent is whether the post-death payments are, in fact, due to the services performed by or economic activities of the decedent, Grill v. United States, 303 F.2d 922, 157 Ct.Cl. 804 (1962); Davison's Estate v. United States, 292 F.2d 937, 155 Ct.Cl. 290 (1961); United States v. Ellis, 264 F.2d 325 (2d Cir. 1959); Riegelman's Estate v. Commissioner of Internal Revenue, 253 F.2d 315 (2d Cir. 1958); Commissioner of Internal Revenue v. Linde, 213 F.2d 1 (9th Cir. 1954), cert. den. 348 U.S. 871, 75 S.Ct. 107, 99 L.Ed. 686 (1954); Bernard v. United States, 215 F.Supp. 256 (S.D.N.Y.1963). Payments are taxable under section 691 even though realized after the decedent's death when they arise from contracts, arrangements or deals made by the decedent and would have been income to the decedent.

■ It is conceded that Mr. Levin would have treated all "unearned bonus" payments as income and such payments, after his death, are clearly the fruits of his business activity during his lifetime. They are not attributable to any-

---

1. The notes also carried interest of 4, 5 or 6%.

2. § 1014(a) "In general,—Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the de-

cedent's death by such person, be the fair market value of the property at the date of the decedent's death, or, in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections."

thing done by the plaintiff. Accordingly, I rule that that portion of the face amount of the notes which represents "unearned bonus," accrued and paid after the decedent's death is income in respect of a decedent.

It follows that the plaintiff's proper basis in the notes is, as the Government contends, the amount of unpaid principal plus the amount of "unearned bonus" earned but not collected prior to death. Determinations of value for estate tax purposes are not conclusive as to value for income tax purposes. Ford v. United States, 276 F.2d 17 (Ct.Cl.1960). And particularly where certain items are excluded from the plaintiff's basis by section 1014(c), valuations under section 2031 will not determine the basis under section 1014(a).

Judgment may be entered for the defendant.