Grace **MILLER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 24637.

United States Court of Appeals
Fifth Circuit.

Jan. 5, 1968.

William T. Deffebach, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Richard C. Pugh, Lee A. Jackson, Harry Marselli, David O. Walter, Benjamin M. Parker, Attys., Dept. of Justice, Washington, D. C., Ernest Morgan, U. S. Atty., San Antonio, Tex., for appellee; Harry Lee Hudspeth, Asst. U. S. Atty., of counsel.

Before TUTTLE, GEWIN and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal by Grace Miller, taxpayer, widow of Jake Miller, decedent, from a judgment sustaining an assessed deficiency by the Commissioner of Internal Revenue for $35,750.93, resulting from her failure to include in her gross income monthly payments of $1250.00 for years 1958 through 1963. These payments were made by decedent's former employer to the taxpayer, widow of the former employee, pursuant to an employment agreement entered into between decedent and employer in 1954.

The question before the court is whether the trial court properly held that each of these $1250.00 monthly payments received by the taxpayer was "income in respect of a decedent," within the meaning of Section 691 of the Internal Revenue Code of 1954.

This court has recently dealt with a somewhat similar problem in Trust Company of Georgia v. Ross, —— F.2d ——, 5 Cir., dec. December 20, 1967, in which this court affirmed the judgment of the District Court for the Northern District of Georgia accompanied by an opinion published at 262 F.Supp. 900. The district court's opinion in that case discussed at some length the history of Section 691. See also Davisons Estate v. United States, 292 F.2d 937, 155 Ct. Cl. 290.

The pertinent portion of the employment contract involved here provided for the commencement of payments of

$1250.00 per month by decedent's employer to the taxpayer unconditionally, thirteen months after the death of her husband, the contract stating that such payments were made "in recognition of [Jake Miller's] many years of faithful and valuable service to the company, and in consideration for his future services under this agreement."

The history and analysis of Section 691, and cases interpreting it demonstrate the correctness of the trial court's judgment here. See Helvering v. Enright's Estate, 312 U.S. 636; O'Daniel's Estate v. C.I.R., 2 Cir., 173 F.2d 966, and Riegelman's Estate v. C.I.R., 2 Cir., 253 F.2d 315. See also United States v. Ellis, 2 Cir., 264 F.2d 325.

The judgment is affirmed.