**TRUST COMPANY OF GEORGIA, Executor under the Will of Carling Dinkler, Sr., et al., Appellant,**

v.

**Aubrey C. ROSS, District Director of Internal Revenue, Appellee.**

**No. 24577.**

United States Court of Appeals
Fifth Circuit.

Dec. 20, 1967.

Rehearing En Banc Denied
March 7, 1968.

John W. Gillon, Birmingham, Ala., Francis Shackelford, James E. Thomas, Alex P. Gaines, Alston, Miller & Gaines, Atlanta, Ga., Spain, Gillon, Riley, Tate & Ansley, Birmingham, Ala., of counsel, for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Richard C. Pugh, David O. Walter, William Friedlander, Attys., Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Atlanta,

20.  Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451.

Ga., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for appellee.

Before TUTTLE and BELL, Circuit Judges, and HOOPER, Senior District Judge.

PER CURIAM:

The issue presented on this appeal is whether the trial court erred in holding that the gain realized on the sale of corporate stock was taxable as "income in respect of a decedent" within the meaning of § 691 of the Internal Revenue Code of 1954.[1]

The carefully considered and comprehensive opinion of the trial court is reported. Trust Company of Georgia v. Ross, N.D.Ga., 1966, 262 F.Supp. 900. It contains a sufficient factual presentation and we would adopt it in its entirety but for the test employed. The test, " * * * whether the post death payments are in fact due to the services performed by or the economic activities of the decedent", Id. at 908, is open-ended and somewhat inadequate as a precedent when considered in the scope of the statute. We do conclude, however, that the court reached the correct result and thus affirm.

The District Court was not charting a new course in employing this test. Several courts have used the same test but the *ratio decidendi* in each instance,

of course, depended on the subsisting facts. For example, several of the cases related to bonus or partnership payments made after death pursuant to rights created by the decedent during his lifetime. See, e. g., Riegelman's Estate v. Commissioner of Internal Revenue, 2 Cir., 1957, 253 F.2d 315; Bernard v. United States, S.D.N.Y., 1963, 215 F. Supp. 256; United States v. Ellis, S.D. N.Y., 1957, 154 F.Supp. 32.[2] In another case the payment was made pursuant to a contract to receive payment for grapes which were delivered into a wine pool during the lifetime of the decedent. Commissioner of Internal Revenue v. Linde, 9 Cir., 1954, 213 F.2d 1. In still another case the payment was for crop rents due under contracts entered into by the decedent in his lifetime. Davison's Estate v. United States, 1961, 292 F.2d 937, 155 Ct.Cl. 290.

Although it is pertinent to inquire whether the income received after death was attributable to activities and economic efforts of the decedent in his lifetime, these activities and efforts must give rise to a right to that income. And the right is to be distinguished from the activity which creates the right. Absent such a right, no matter how great the activities or efforts, there would be no taxable income under § 691. For a compilation of the various factual situa-

1. 26 U.S.C.A. § 691, in pertinent part:
   (a) INCLUSION IN GROSS INCOME.—
   (1) GENERAL RULE.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period (including the amount of all items of gross income in respect of a prior decedent, if the right to receive such amount was acquired by reason of the death of the prior decedent or by bequest, devise, or inheritance from the prior decedent) shall be included in the gross income, for the taxable year when received, of:
   (A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or
   (C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.

2. In O'Daniel's Estate v. Commissioner of Internal Revenue, 2 Cir., 1949, 173 F.2d 966, a case involving a bonus payment, Judge Augustus Hand noted that the right acquired during decedent's lifetime need not be a legally enforceable one, "but merely any *right* derived through his services rendered while living." (Emphasis added.) Id. at 968.

tions involving § 691 see the cases in 2 Mertens § 12.102c, pp. 302–310.

The tortuous language of the statute is of little help in divining the proper test, but the regulation does help. The regulation, 26 CFR 1.691(a)–1 entitled "Income in respect of a decedent" provides in pertinent part:

"(b) *General definition.* In general, the term 'income in respect of a decedent' refers to those amounts to which a decedent was *entitled* as gross income but which were not properly includible in computing his taxable income for the taxable year ending with the date of his death or for a previous taxable year under the method of accounting employed by the decedent. \* \* \* " (Emphasis added)

■ It is implicit in the statute and in the definition that this condition or limitation has reference to the date of death of the decedent. That is, income is to be included if decedent was entitled to the income at the date of his death. The entitlement test is in accord with the right to income test discussed, supra, and is more precise than the causal connection test used by the District Court.[3]

There remains the problem of applying the right to income test to the case before us. Ordinarily, in a nonjury trial where an improper test has been applied, the accepted procedure is to remand to the trial court with the direction that the matter be reconsidered in the light of the proper test. Cf. Malat v. Riddell, 1966, 383 U.S. 569, 572, 86 S.Ct. 1030, 16 L.Ed.2d 102. Here, we conclude that the decision of the trial court, in effect, is based on the right to income test; it simply was not articulated as such.

■ Mr. Dinkler entered into a binding contract prior to his death. That contract required the conveyance of the property from whence the income in litigation was derived. The contract created a right to these proceeds in Mr. Dinkler at the time the contract was executed. The contract inured to and was binding upon his executor. It is true that some aspects of the transaction which the contract contemplated had to be performed by his executor but these were not of such scope as would negate the right which was his under the contract.

The contract contained a liquidated damages clause but this did not transform the contract into a mere option. See 1A Corbin on Contracts § 274, pp. 608–609 (1963). The clause became effective only in the event of a default on the part of the purchaser. It did not constitute an agreement simply to permit termination of the contract in the event the seller did not wish to go forward.

Therefore, applying the entitlement or right to income test, it would appear that

---

**3.** 26 CFR 1.691(a)–2, example (5) (1) states:

"A owned and operated an apple orchard. During his lifetime, A sold and delivered 1,000 bushels of apples to X, a canning factory, but did not receive payment before his death. A also entered into negotiations to sell 3.000 bushels of apples to Y, a canning factory, but did not complete the sale before his death. After A's death, the executor received payment from X. He also completed the sale to Y and transferred to Y 1,200 bushels of apples on hand at A's death and harvested and transferred an additional 1,800 bushels. The gain from the sale of apples by A to X constitutes income in respect of a decedent when received. On the other hand, the gain from the sale of apples by the executor to Y does not."

Note that the sale to Y was not complete. No contract had been effected. Yet negotiations had commenced and been carried on by A, the decedent, prior to his death. The sale went through after A's death. The regulations state that this is *not* income in respect of a decedent. However a contrary result could easily be reached under the broad test used by the District Court since it could well be found that the sale was a result of the negotiations by A, or a result of the "services performed by or the economic activities of the decedent" during his lifetime. What is lacking in the example, of course, is any *right* on A's part to receive the income prior to his death.

the disputed amount is income in respect of a decedent.

Affirmed.

On Petition for Rehearing
En Banc

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25a, subpar. (b), the Petition for Rehearing En Banc is

Denied.