444 F.2d 90
 71-1 USTC P 9489
 George Edward QUICK'S TRUST, U/A #2333-41 Mercantile Trust
Company National Association, Trustee, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
George Edward QUICK'S TRUST, U/A #2333-41 Mercantile Trust
Company National Association, Trustee, Transferee, Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Appellee.
 Nos. 20584, 20585.
 United States Court of Appeals, Eighth Circuit.
 June 16, 1971.
 
 John S. Pennell, Chicago, Ill., for appellant.
 Janet R. Spragens, Atty., Tax. Div., Dept. of Justice, Washington, D.C., for appellee.
 Before JOHNSEN, VOGEL and ROSS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The Commissioner of Internal Revenue determined deficiencies in the income tax returns of appellant, an inter vivos trust established by George Quick on January 12, 1959, for the calendar years 1961, 1962, 1963, 1964 and for the fiscal year ending September 30, 1966. The Tax Court sustained the Commissioner except as to the 1961 determination. The trust appeals the deficiency findings for the other years. All of the relevant facts were stipulated.
 
 
 2
 Quick was a fifty-percent partner in an architectural and engineering firm which ceased doing active business in 1957. However, the partnership had substantial accounts receivable due it through the year 1967. Quick died on January 23, 1960. At his death the Quick estate was the transferee of his interest in the partnership and became the transferee partner. Subsequently the trust became the tranferee and the transferee partner.
 
 
 3
 The partnership had a zero basis for its accounts receivable and no outstanding liabilities. The accounts receivable had a face value of $518,000 and a fair market value of $454,991.02. The fair market value of Quick's interest at his death was computed by the IRS to be $264,914.58. Of this fair market value, $227,495.51 was attributable to 50% Of the fair market value of the partnership accounts receivable. The partnership filed an election pursuant to 754[1] with its federal income tax return for 1960 to adjust the basis of its partnership interest as provided in 743(b) and 755. This meant that the basis of the accounts receivable to the partnership was increased from zero to an amount approximately one-half their face value. The appellant also used as its basis the date of death fair market value. The Commissioner objected to this latter procedure And this litigation followed.
 
 
 4
 Appellant argued that the Code embraces the entity theory of partnership and that upon transfer of the partnership share the income tax treatment afforded to it must be solely on the basis of the interest as a whole and that the underlying assets cannot be examined or treated separately. The Commissioner contends that the accounts receivable are separable from the rest of the partnership assets because they are income in respect of a decedent (691) and are not entitled to the stepped-up basis afforded in 1014(a) according to the express provision of 1014(c).
 
 
 5
 Generally, 742 provides that the basis of an interest in a partnership shall be determind pursuant to 1011, et seq. Section 1014(a) provides that the basis of property in the hands of those acquiring it from a decedent shall be the fair market value of the property at the date of the decedent's death. The appellant would have us stop here and allow it as transferee to use this stepped-up basis for purposes of computing the gain for tax purpose upon receipt of the receivables. But, 1014(c) provides that 1014 does not apply to 'property which constitutes a right to receive an item of income in respect of a decedent under section 691.' Thus, if the accounts receivable can be separated for tax analysis from the partnership as a whole and if the receivables are income in respect of a decedent, the tax treatment afforded those items upon receipt must be the same as if the decedent had lived and received such amount. 26 U.S.C.A. 691(a)(3). This would mean that the receivables income would be taxed as ordinary income without a reduction for basis.
 
 The Tax Court held:
 
 6
 A. The successor partner's interest in accounts receivable which arise out of the decedent's personal services is income in respect of a decedent.
 
 
 7
 B. Section 742 of the Code directs the use of 1014 in determining the basis of a partnership interest and 1014 by its terms requires separate treatment for those assets in the hands of the successor which are income in respect of a decedent. Therefore, the optional adjustment made by the partnership must be modified to reflect the income which was not reported due to the use of the stepped-up basis. Appellant should then have paid tax on the gain from the receivables computed without benefit of that basis. The deficiencies were correctly assessed.
 
 
 8
 C. The purpose and intent of Congress would be thwarted under appellant's interpretation of the Code.
 
 
 9
 We have carefully reviewed the record in this case made in the Tax Court, the Tax Court's opinion and the arguments and briefs in this court. We adopt the Tax Court's opinion, which conscientiously and comprehensively treats the issue, and affirm on the basis thereof. 54 T.C. 1336 (1970).
 
 
 10
 Affirmed.
 
 
 
 [1]
 All statutory section references are to Title 26 U.S.C.A.-- the 1954 Code-- unless otherwise noted