Chrissie H. WOODHALL, a widow, Estate of W. Lyle Woodhall, Deceased, Chrissie H. Woodhall, Executrix, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 26833.

United States Court of Appeals, Ninth Circuit.

Jan. 7, 1972.

George Constable (argued), Seattle, Wash., for petitioners-appellants.

Janet Spragens (argued), Atty., Tax Div., Dept. of Justice, Washington, D. C., Johnnie M. Walters, Asst. Atty. Gen., K. Martin Worthy, Chief Counsel, Meyer Rothwacks, Grant W. Wiprud, John S. Brown, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and GOODWIN*, District Judge.

CHOY, Circuit Judge:

W. Lyle Woodhall died on January 20, 1964, leaving Mrs. Woodhall as his sole heir and executrix. For 1964, Mrs. Woodhall filed a joint income tax return as surviving spouse. She also filed a fiduciary income tax return for the estate for part of 1964. For 1965, she filed an individual tax return and a fiduciary return.

The Commissioner of Internal Revenue determined deficiencies against Mrs. Woodhall for the years 1964 and 1965. The ground was that she had not declared as income certain amounts which came to her from the sale of her husband's interest in a partnership. Mrs. Woodhall petitioned the Tax Court for a

* The Honorable Alfred T. Goodwin, District Judge for the District of Oregon, sitting by designation.

declaration that she did not owe the deficiencies. The Tax Court upheld the Commissioner's determination[1] and Mrs. Woodhall appeals. We affirm.

From January 1958 until his death, Woodhall was equal partner with his brother, Eldon Woodhall, in a lath and plaster contracting business known as Woodhall Brothers.

In December 1961, the brothers executed a written buy-sell agreement, which provided that "upon the death of either partner the partnership shall terminate and the survivor shall purchase the decedent's interest in the partnership." The price was to be determined according to a formula set out in the agreement. The formula defined accounts payable and included certain valuations for fixed assets, inventory, accounts receivable and other assets. It is the accounts receivable item that generates this controversy over Mrs. Woodhall's income for 1964 and 1965.

Because the partnershp reported income on a cash basis, Woodhall had not paid taxes on his share of the accounts receivable which were outstanding at the time of his death. Mrs. Woodhall, in filing her tax returns as an individual and as executrix of her husband's estate, did not report as income the amounts allocated to the accounts receivable. Instead Mrs. Woodhall's tax returns stated that no gain had been realized by the sale of her husband's partnership interest because the tax basis of the interest was the fair market value at the time of death and this was the same as the sale price.

The issue presented is whether portions of payments received by Mrs. Woodhall, as executrix of the estate and as surviving spouse, constitute income in respect of a decedent under § 691(a) (1) of the Internal Revenue Code[2] and are therefore subject to income taxes to the extent that such portions are allocable to unrealized receivables.

Generally, the sale of a partnership interest is an occasion for determining the character of gain or loss "to the transferor partner" as provided by § 741. In the case at bar, however, there was technically no "transferor partner" to accomplish the sale. The Woodhall Brothers partnership terminated automatically upon the death of Woodhall by operation of the buy-sell agreement, as well as under common law. Mrs. Woodhall, as executrix of the estate and as holder of a community property interest, was the transferor.

A tax regulation recognizes that § 741 applies when the sale of the partnership interest results in a termination of the partnership.[3] The question arises

---

[1]. T.C. memo, 1969–299.

[2]. (1) General rule. The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period (including the amount of all items of gross income in respect of a prior decedent, if the right to receive such amount was acquired by reason of the death of the prior decedent or by bequest, devise, or inheritance from the prior decedent) shall be included in the gross income, for the taxable year when received, of:

(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or

(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.
26 U.S.C. § 691(a) (1). All references are to the Internal Revenue Code of 1954, as amended.

[3]. Section 1.741–1(b), Income Tax Regulations (1956), provides:

Section 741 shall apply whether the partnership interest is sold to one or more members of the partnership or to one or more persons who are not members of the partnership. Section 741 shall also apply even though the sale of the partnership interest results in a termination of the partnership under section

whether a termination of the partnership by operation of a written agreement of the parties upon the death of one partner has the same effect.

The legislative history of § 741 explicitly deals with this question. The House report reads as follows:

"Transfer of an interest in a partnership (§§ 741–743, 751)

(1) General rules.—Under present decisions the sale of a partnership interest is generally considered to be a sale of a capital asset, and any gain or loss realized is treated as capital gain or loss. It is not clear whether the sale of an interest whose value is attributable to uncollected rights to income gives rise to capital gain or ordinary income . . .

.   .   .   .   .   .

(2) Unrealized receivables or fees . . . In order to prevent the conversion of potential ordinary income into capital gain by virtue of transfers of partnership interests, certain rules have been adopted . . . which will apply to *all* dispositions of partnership interests.

.   .   .   .   .   .

A decedent partner's share of unrealized receivables and fees will be treated as income in respect of a decedent. Such rights to income will be taxed to the estate or heirs when collected . . .

.   .   .   .   .   .

The term 'unrealized receivables or fees' is used to apply to any rights to income which have not been included in gross income under the method of accounting employed by the partnership. The provision is applicable mainly to cash basis partnerships which have acquired a contractual or other legal right to income for goods or services." House Report No. 1337, to accompany H.R. 8300 (Pub.L. 591), 83rd Cong., 2d Sess., pp. 70–71 (1954) (emphasis added) ; U.S.Code Cong. & Admin.News, p. 4096.

The Senate report is similar, with only technical amendments which do not alter the basic statement of purpose in the House report. Senate Report No. 1622, to accompany H.R. 8300 (Pub.L. 591), 83rd Cong., 2d Sess., p. 396 (1954).

Mrs. Woodhall's approach to the issue was much different. On the sale of her husband's partnership interest, she attempted to elect[4] to establish the tax basis as the fair market value on the date of her husband's death. By this means, the sale price would be the same as the fair market value; there would be no gain and so no income to be taxed.

Mrs. Woodhall contends that the payments she received for the accounts receivable do not come within § 691(a), pertaining to income in respect of a decedent. Section 691(f), she points out, makes cross-reference to § 753, for application of § 691 to income in respect of a deceased partner. Section 753, in turn, refers to § 736 which provides[5]

---

708(b). Thus, the provisions of section 741 shall be applicable (1) to the transferor partner in a 2-man partnership when he sells his interest to the other partner, and (2) to all members of a partnership when they sell their interests to one or more persons outside the partnership.

(c) See *section 351 for nonrecognition* of gain or loss upon transfer of a partnership interest to a corporation controlled by the transferor.

4. 26 U.S.C. § 1014.

5. The complete text of § 736 reads as follows :

"(a) Payments considered as distributive share or guaranteed payment. Payments made in liquidation of the interest of a retiring partner or a deceased partner shall, except as provided in subsection (b), be considered—

(1) as a distributive share to the recipient of partnership income if the amount thereof is determined with regard to the income of the partnership, or

(2) as a guaranteed payment described in section 707(c) if the amount thereof is determined without regard to the income of the partnership.

that payments by a partnership for a deceased partner's interest in unrealized receivables shall be considered income in respect of a decedent under § 691. Mrs. Woodhall argues that a payment by a surviving partner is distinct from a payment by a partnership. Thus, she would have us interpret § 753, in conjunction with § 736, exclusively. In effect, this means that no payment other than one by a partnership which continues after one partner's death could constitute income in respect of a deceased partner. We reject this reading of the statutes.

The approach suggested by Mrs. Woodhall is not an appropriate characterization of the transfer of funds to her. Reading § 691 in the light of § 741, it is clear that Congress intended that the money Mrs. Woodhall received as an allocation from the unrealized accounts receivable be treated as income in respect of a decedent.

The Court of Appeals for the Eighth Circuit has just recently ruled that accounts receivable of a partnership shared in by a successor in interest of a deceased partner constituted income in respect of a decedent. Quick's Trust v. Commissioner of Internal Revenue, 444 F.2d 90 (8th Cir. 1971.) The instant case is substantially the same.

We hold that the Commissioner rightly determined deficiencies against Mrs. Woodhall in the tax years 1964 and 1965.

In addition to this primary issue, Mrs. Woodhall contends that, if the receivables were taxable to her, then she should be allowed an off-setting deduction for her husband's share of the un-

paid payables outstanding at the date of his death.

Mrs. Woodhall is not entitled to any deduction in respect of a decedent based on the accounts payable. Section 691(b) (1) permits deductions only "when paid." Eldon Woodhall, as the surviving partner, assumed all the partnership liabilities and, in fact, paid them. Since Mrs. Woodhall did not pay the liabilities, she cannot deduct them.

Affirmed.

(b) Payments for interest in partnership.

(1) General rule. Payments made in liquidation of the interest of a retiring partner or a deceased partner shall, to the extent such payments (other than payments described in paragraph (2)) are determined, under regulations prescribed by the Secretary or his delegate, to be made in exchange for the interest of such partner in partnership property, be considered as a distribution by the partnership and not as a distributive share

or guaranteed payment under subsection (a).

(2) Special rules. For purposes of this subsection, payments in exchange for an interest in partnership property shall not include amounts paid for—

(A) unrealized receivables of the partnership (as defined in section 751(c)), or

(B) good will of the partnership, except to the extent that the partnership agreement provides for a payment with respect to good will.