ESTATE OF CHARLES A. RIEGELMAN, DECEASED, WILLIAM I. RIEGELMAN, CAROL R. LUBIN, AND ARTHUR L. STRASSER, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 55606. Filed February 25, 1957.

*Robert H. Preiskel, Esq.*, for the petitioners.
*Emil Sebetic, Esq.*, for the respondent.

Rice, *Judge:* This proceeding involves a deficiency in Federal estate tax of $39,229.40 determined against the Estate of Charles A. Riegelman.

The sole issue for decision is whether there should have been included in decedent's gross estate for Federal estate tax purposes the value of the right of his estate to receive from a law partnership, of which he had been a member, certain payments which represented a share of post-death partnership income.

All of the facts were stipulated, are so found, and are incorporated herein by this reference.

Charles A. Riegelman (hereinafter referred to as the decedent) died July 20, 1950. The executors were duly qualified and appointed for his estate, and the estate tax return herein involved was timely filed with the former collector of internal revenue for the third district of New York.

During his lifetime the decedent was an attorney actively engaged in the practice of law. For many years up to and at the date of his death he was the senior partner of the law firm of Riegelman, Strasser, Schwarz, and Spiegelberg (hereinafter referred to as the partnership), a partnership which maintained offices in New York City, New York.

At the date of decedent's death the partnership owned no significant tangible property, although it did own nominal assets such as office furniture, fixtures, and a library. The decedent had made no capital contribution to the partnership.

The partnership agreement in effect at the date of decedent's death contained specific provisions governing the continuing existence and operation of the partnership upon the death of any of the partners, and provided specifically for various distributions to be made to the estate of any deceased partner. Insofar as material herein the agreement provided.:

(a) That the death of a partner should not dissolve the partnership, but that it should continue thereafter among the surviving partners with the estate of the deceased partner being entitled to a specific share of the income of the continuing enterprise for a specified period of time.

(b) That the estate of a deceased partner should not be entitled to receive any payment for goodwill or any capital asset of the firm, such as furniture, office equipment, or library.

(c) That the estate of a deceased partner should be entitled to receive payments which represented:

(1) The deceased partner's share of the undistributed profits realized and collected by the partnership prior to his death, plus his

share of the profits realized and collected after his death which were attributable to work completed prior to his death, and

(2) A share, for a specified period of time, of the post-death partnership fees and profits which were attributable to work completed after the deceased partner's death on matters in process at the date of his death and matters upon which work was commenced and completed after the date of his death.

The executors of decedent's estate included in the gross estate for Federal estate tax purposes the value at date of death of his share of partnership profits, whether collected before or after his death, which were attributable to work done prior to his death, ascribing thereto the value of $47,956.51. This included an allocable portion of profits on matters in process at the time of death as well as a share of profits on matters completed prior to death. The parties have agreed that this amount was properly included in the gross estate.

Respondent determined an estate tax deficiency contending that there should have been included in decedent's gross estate, under section 811 (a) of the 1939 Code,[1] not only the value of his share of partnership income earned prior to death, but also the value of the right of his estate to share in partnership fees and profits attributed to services rendered after his death on both new matters and matters in process at the time of death. The parties have agreed that the value at the date of death of the estate's right to that post-death partnership income was $95,000.

Petitioners contend that the estate's right to receive a share of the partnership income earned after death was not the kind of property right which could be subjected to estate tax because that right did not represent a part of decedent's capital, since he had made no capital contribution to the partnership; the partnership owned no material tangible property; and the partnership agreement did not provide for a sale of decedent's interest in the partnership or any of its property. Rather, they maintain that the estate's share of that post-death income when received is subject in its entirety to an income tax in the hands of the estate. In support of their position they cite Bull v. United States, 295 U. S. 247 (1935).

On the other hand, the respondent argues that the value of the right of decedent's estate to share in post-death partnership income is includible in his gross estate on the authority of McClennen v. Commissioner, 131 F. 2d 165 (C. A. 1, 1942), affirming Estate of George R. Nutter, 46 B. T. A. 35 (1942).

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

(a) DECEDENT'S INTEREST.—To the extent of the interest therein of the decedent at the time of his death ;

Both of the cited cases are distinguishable on their facts from the proceeding presently before us.

*Bull* v. *United States, supra,* involved the estate of a deceased member of a personal service partnership which owned no tangible property, required no capital, and in which the partners had made no investment. Unlike the instant case, the articles of partnership therein provided that upon the death of a partner, the survivors should continue the business for a period of time during which the deceased member's estate was to receive a percentage of the profits and be responsible for a percentage of the losses in the same manner as if he had lived. Moreover, his executors were given the option to veto this provision and withdraw the decedent's partnership interest within 30 days after the probate of his will. They elected not to withdraw, and the business was conducted and the profits distributed as contemplated by the agreement. In holding that the profits paid the estate which were earned after death were not a part of the gross estate, the Supreme Court said, at page 256:

In the light of the facts it would not have been permissible to place a value of $212,718.99 or any other value on *the mere right of continuance of the partnership relation* enuring to Bull's estate. * * * [Emphasis supplied.]

A careful reading of the partnership agreement in the proceeding before us indicates that this is not a case of the continuation of the partnership with the decedent's estate as a partner. There is no provision herein for charging the estate with any of the partnership losses. Nor were decedent's executors invested with the option of choosing between an immediate liquidation and accounting or continued participation in the business. For these reasons, petitioners' reliance on *Bull* v. *United States, supra,* is misplaced.

*McClennen* v. *Commissioner, supra,* cited by respondent, involved a partnership agreement which expressly provided, in the event of a partner's death, for the sale of his interest in the firm to the survivors, in consideration for which his estate was to share in post-death partnership income for a specified time. That case is somewhat different from the present one; and while we do not agree with respondent that it directly governs this one, we do agree that the right of decedent's estate to share in future income was a valuable property right which should have been included in his gross estate. Since that right arose from the partnership agreement, it was contractual in nature. The parties have stipulated that it had a fair market value of $95,000 as of the date of decedent's death. At that time it passed from the decedent to the executors of his estate as part of his general assets, and in their hands it was a valuable chose in action. We conclude that it constituted property in which the decedent had an interest at the time of his death within the meaning of section 811 (a) of the Code,

and therefore should have been included in his gross estate for Federal estate tax purposes. *Grahame Wood et al., Executors*, 26 B. T. A. 533 (1932) ; *John F. Degener, Jr., et al., Executors*, 26 B. T. A. 185 (1932) ; and *William P. Blodget et al.*, 13 B. T. A. 1243 (1928).

*Decision will be entered under Rule 50.*