GEORGE EDWARD QUICK TRUST, U/A #2333–41 MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, TRUSTEE, TRANSFEREE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

GEORGE EDWARD QUICK TRUST, U/A #2333–41 MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, TRUSTEE, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket Nos. 3357–68, 4255–68. Filed June 22, 1970.

*John S. Pennell* and *Don S. Harnack*, for the petitioners.
*Seymour I. Sherman*, for the respondent.

**OPINION**

When Quick died he was an equal partner in a partnership which had been in the business of providing architectural and engineering services. In 1957, the partnership had ceased all business activity except the collection of outstanding accounts receivable. These receiv-

# 1340

ables, and some cash, were the only assets of the partnership. Since partnership income was reported on the cash basis, the receivables had a zero basis.[2]

Upon Quick's death in 1960, the estate became a partner with Maguolo and remained a partner until 1965 when it was succeeded as a partner by petitioner herein.[3] The outstanding accounts receivable were substantial in amount at that time. In its 1960 return, the partnership elected under section 754[4] to make the adjustment in the basis of the partnership property provided for in section 743(b)[5] and to allocate that adjustment in accordance with section 755.[6] On the facts

[2] Technically we have no direct evidence that the receivables were obtained by professional services rendered. However, they have been stipulated to have had "no basis," which presumably means a zero basis; they were therefore not purchased. Since the partnership was in the business of rendering professional services, the obvious inference is that the money was owed for professional services rendered, and we have so found, lacking any contrary evidence.

[3] Although conceding partner status for tax purposes, neither party contends that the estate or petitioner was not a partner under local Missouri law. See sec. 1.736–1(a)(1), Income Tax Regs.

[4] SEC. 754. MANNER OF ELECTING OPTIONAL ADJUSTMENT TO BASIS OF PARTNERSHIP PROPERTY.

If a partnership files an election, in accordance with regulations prescribed by the Secretary or his delegate, the basis of partnership property shall be adjusted, in the case of a distribution of property, in the manner provided in section 734 and, in the case of a transfer of a partnership interest, in the manner provided in section 743. Such an election shall apply with respect to all distributions of property by the partnership and to all transfers of interests in the partnership during the taxable year with respect to which such election was filed and all subsequent taxable years. Such election may be revoked by the partnership, subject to such limitations as may be provided by regulations prescribed by the Secretary or his delegate.

[5] SEC. 743. OPTIONAL ADJUSTMENT TO BASIS OF PARTNERSHIP PROPERTY.

(b) ADJUSTMENT TO BASIS OF PARTNERSHIP PROPERTY.—In the case of a transfer of an interest in a partnership by sale or exchange or upon the death of a partner, a partnership with respect to which the election provided in section 754 is in effect shall—

(1) increase the adjusted basis of the partnership property by the excess of the basis to the transferee partner of his interest in the partnership over his proportionate share of the adjusted basis of the partnership property, or

(2) decrease the adjusted basis of the partnership property by the excess of the transferee partner's proportionate share of the adjusted basis of the partnership property over the basis of his interest in the partnership.

Under regulations prescribed by the Secretary or his delegate, such increase or decrease shall constitute an adjustment to such basis of partnership property with respect to the transferee partner only. A partner's proportionate share of the adjusted basis of partnership property shall be determined in accordance with his interest in partnership capital and, in the case of an agreement described in section 704(c)(2) (relating to effect of partnership agreement on contributed property), such share shall be determined by taking such agreement into account. In the case of an adjustment under this subsection to the basis of partnership property subject to depletion, any depletion allowable shall be determined separately for the transferee partner with respect to his interest in such property.

(c) ALLOCATION OF BASIS.—The allocation of basis among partnership properties where subsection (b) is applicable shall be made in accordance with the rules provided in section 755.

[6] SEC. 755. RULES FOR ALLOCATION OF BASIS.

(a) GENERAL RULE.—Any increase or decrease in the adjusted basis of partnership property under section 734(b) (relating to the optional adjustment to the basis of undistributed partnership property) or section 743(b) (relating to the optional adjustment to the basis of partnership property in the case of a transfer of an interest in a partnership) shall, except as provided in subsection (b), be allocated—

(1) in a manner which has the effect of reducing the difference between the fair market value and the adjusted basis of partnership properties, or

(2) in any other manner permitted by regulations prescribed by the Secretary or his delegate.

of this case, the net result of this adjustment was to increase the basis of the accounts receivable to the partnership from zero to an amount slightly less than one-half of their face value. If such treatment was correct, it substantially reduced the amount of the taxable income to the partnership from the collection of the accounts receivable under section 743(b) and the estate and the petitioner herein were entitled to the benefit of that reduction.

The issue before us is whether the foregoing adjustment to basis was correctly made. Its resolution depends upon the determination of the basis to the estate of its interest in the partnership, since section 743(b)(1) allows only an "increase [in] the adjusted basis of the partnership property by the excess of *the basis to the transferee partner of his interest in the partnership* over his proportionate share of the adjusted basis of the partnership property." (Emphasis added.) This in turn depends upon whether, to the extent that "the basis to the transferee partner" reflects an interest in underlying accounts receivable arising out of personal services of the deceased partner, such interest constitutes income in respect of a decedent under section 691(a)(1) and (3).[7] In such event, section 1014(c) comes into play and prohibits equating the basis of Quick's partnership interest with

---

[7] SEC. 691. RECIPIENTS OF INCOME IN RESPECT OF DECEDENTS.

(a) INCLUSION IN GROSS INCOME.—

(1) General rule.—The amount of all items of gross income in respect of a decedent which are not properly includible in respect of the taxable period in which falls the date of his death or a prior period (including the amount of all items of gross income in respect of a prior decedent, if the right to receive such amount was acquired by reason of the death of the prior decedent or by bequest, devise, or inheritance from the prior decedent) shall be included in the gross income, for the taxable year when received, of:

(A) the estate of the decedent, if the right to receive the amount is acquired by the decedent's estate from the decedent;

(B) the person who, by reason of the death of the decedent, acquires the right to receive the amount, if the right to receive the amount is not acquired by the decedent's estate from the decedent; or

(C) the person who acquires from the decedent the right to receive the amount by bequest, devise, or inheritance, if the amount is received after a distribution by the decedent's estate of such right.

*      *      *      *      *      *      *

(3) CHARACTER OF INCOME DETERMINED BY REFERENCE TO DECEDENT.—The right, described in paragraph (1), to receive an amount shall be treated, in the hands of the estate of the decedent or any person who acquired such right by reason of the death of the decedent, or by bequest, devise, or inheritance from the decedent, as if it had been acquired by the estate or such person in the transaction in which the right to receive the income was originally derived and the amount includible in gross income under paragraph (1) or (2) shall be considered in the hands of the estate or such person to have the character which it would have had in the hands of the decedent if the decedent had lived and received such amount.

the fair market value of that interest at the time of his death under section 1014(a).[8]

Petitioner argues that the partnership provisions of the Internal Revenue Code of 1954 adopted the entity theory of partnership, that the plain meaning of those provisions, insofar as they relate to the question of basis, requires the conclusion that the inherited partnership interest is separate and distinct from the underlying assets of the partnership, and that, therefore, section 691, and consequently section 1014(c), has no application herein.

Respondent counters with the assertion that the basis of a partnership interest is determined under section 742[9] by reference to other sections of the Code. He claims that, by virtue of section 1014(c), section 1014(a) does not apply to property which is classified as a right to receive income in respect of a decedent under section 691 and that the interest of the estate and of petitioner in the proceeds of the accounts receivable of the partnership falls within this classification. He emphasizes that, since the accounts receivable represent money earned by the performance of personal services, the collections thereon would have been taxable to the decedent, if the partnership had been on the accrual basis, or to the estate and to petitioner if the decedent had been a cash basis sole proprietor. Similarly, he points out that if the business had been conducted by a corporation, the collections on the accounts receivable would have been fully taxable, regardless of Quick's death. Respondent concludes that no different result should occur simply because a cash basis partnership is interposed.

The share of a general partner's successor in interest upon his death in the collections by a partnership on accounts receivable arising out of the rendition of personal services constituted income in respect of a decedent under the 1939 Code. *United States* v. *Ellis*, 264 F. 2d 325 (C.A. 2, 1959); *Riegelman's Estate* v. *Commissioner*, 253 F. 2d 315 (C.A. 2, 1958), affirming 27 T.C. 833 (1957). Petitioner ignores these decisions, apparently on the ground that the enactment of comprehensive provisions dealing with the taxation of partnerships in the 1954

---

[8] SEC. 1014. BASIS OF PROPERTY ACQUIRED FROM A DECEDENT.

(a) IN GENERAL.—Except as otherwise provided in this section, the basis of property in the hands of a person acquiring the property from a decedent or to whom the property passed from a decedent shall, if not sold, exchanged, or otherwise disposed of before the decedent's death by such person, be the fair market value of the property at the date of the decedent's death, or, in the case of an election under either section 2032 or section 811(j) of the Internal Revenue Code of 1939 where the decedent died after October 21, 1942, its value at the applicable valuation date prescribed by those sections.

  *    *    *    *    *    *    *

(c) PROPERTY REPRESENTING INCOME IN RESPECT OF A DECEDENT.—This section shall not apply to property which constitutes a right to receive an item of income in respect of a decedent under section 691.

[9] SEC. 742. BASIS OF TRANSFEREE PARTNER'S INTEREST.

The basis of an interest in a partnership acquired other than by contribution shall be determined under part II of subchapter O (sec. 1011 and following).

Code and what it asserts is "the plain meaning" of those provisions render such decisions inapplicable in the instant case. We disagree.

The partnership provisions of the 1954 Code are comprehensive in the sense that they are detailed. But this does not mean that they are exclusive, especially where those provisions themselves recognize the interplay with other provisions of the Code. Section 742 specifies: "The basis of an interest in a partnership acquired other than by contribution shall be determined under part II of subchapter O (sec. 1011 and following)." With the exception of section 722, which deals with the basis of a contributing partner's interest and which has no applicability herein, this is the only section directed toward the question of the initial determination of the basis of a partnership interest. From the specification of section 742, one is thus led directly to section 1014 and by subsection (c) thereof directly to section 691. Since, insofar as this case is concerned, section 691 incorporates the provisions and legal underpinning of its predecessor (sec. 126 of the 1939 Code),[10] we are directed back to a recognition, under the 1954 Code, of the decisional effect of *United States* v. *Ellis, supra,* and *Riegelman's Estate* v. *Commissioner, supra.*

Thus, to the extent that a "plain meaning" can be distilled from the partnership provisions of the 1954 Code, we think that it is contrary to petitioner's position.[11] In point of fact, however, we hesitate to rest our decision in an area such as is involved herein exclusively on such linguistic clarity and purity. See *David A. Foxman*, 41 T.C. 535, 551 fn. 9 (1964), affd. 352 F. 2d 466 (C.A. 3, 1965). However, an examination of the legislative purpose reinforces our reading of the statute. Section 751, dealing with unrealized receivables and inventory items, is included in subpart D of subchapter K, and is labeled "Provisions Common to Other Subparts." Both the House and Senate committee reports specifically state that income rights relating to unrealized receivables or fees are regarded "as severable from the partnership interest and as subject to the same tax consequences which would be accorded an individual entrepreneur." See H. Rept. No. 1337, 83d Cong., 2d Sess., p. 71 (1954) ; S. Rept. No. 1622, 83d Cong., 2d Sess., p. 99 (1954). And the Senate committee report adds the following significant language.

*The House bill provides that a decedent partner's share of unrealized receivables are* [sic] *to be treated as income in respect of a decedent.* Such rights to

---

[10] According to the House committee report at the time the 1954 Code was enacted, sec. 1014(c) "makes explicit the rule of existing law." See H. Rept. No. 1337, 83d Cong., 2d Sess., p. A267 (1954).

[11] We note that petitioner's position has been the subject of extensive legal analysis and that it has some support among the legal pundits. See Willis, Handbook of Partnership Taxation, 389–395 (1957) ; Ferguson, "Income and Deductions in Respect of Decedents and Related Problems," 25 Tax L. Rev. 5, 100 *et seq.*

income are to be taxed to the estate or heirs when collected, with an appropriate adjustment for estate taxes. * * * *Your committee's bill agrees substantially with the House in the treatment described above* but also provides that other income apart from unrealized receivables is to be treated as income in respect of a decedent. [See S. Rept. No. 1622, *supra* at 99; emphasis added.]

In light of the foregoing, the deletion of a provision in section 743 of the House bill which specifically provided that the optional adjustment to basis of partnership property should not be made with respect to unrealized receivables is of little, if any, significance. H.R. 8300, 83d Cong., 2d Sess., sec. 743(e) (1954) (introduced print). The fact that such deletion was made without comment either in the Senate or Conference Committee reports indicates that the problem was covered by other sections and that such a provision was therefore unnecessary.[12] Similarly, the specific reference in section 753 to income in respect of a decedent cannot be given an exclusive characterization.[13] That section merely states that certain distributions in liquidation under section 736(a) shall be treated as income in respect of a decedent. It does not state that no other amounts can be so treated.

Many of the assertions of the parties have dealt with the superstructure of the partnership provisions—assertions based upon a technical and involuted analysis of those provisions dealing with various adjustments and the treatment to be accorded to distributions after the basis of the partnership has been determined. But, as we have previously indicated (see pp. 1340–1341, *supra*), the question herein involves the foundation, not the superstructure, i.e., what is the basis of petitioner's partnership interest?

Petitioner asserts that a partnership interest is an "asset separate and apart from the individual assets of the partnership" and that the character of the accounts receivable disappears into the character of the partnership interest, with the result that such interest cannot, in whole or in part, represent a right to receive income in respect of a decedent. In making such an argument, petitioner has erroneously transmuted the so-called partnership "entity" approach into a rule of law which allegedly precludes fragmentation of a partnership interest. But it is clear that even the "entity" approach should not be inexorably applied under all circumstances. See H. Rept. No. 2543, 83d Cong., 2d Sess., p. 59 (1954). Similarly, the fact that a rule of non-

---

[12] Nor do we consider it significant that efforts have been made to clarify the situation involved herein. See reports of House Committee on Ways and Means and Senate Finance Committee to accompany H.R. 9662 (Trust and Partnership Income Tax Revision Act of 1960) (H. Rept. No. 1231, 86th Cong., 2d Sess., pp. 36, 99 (1960); S. Rept. No. 1616, 86th Cong., 2d Sess., p. 124 (1960)). Both reports specifically state that no inferences are to be drawn from the proposed action as to the proper treatment under existing law. H. Rept. No. 1231, *supra*, pp. 37 and 100; S. Rept. No. 1616, *supra*, pp. 124 and 126.

[13] The cross-reference to sec. 753 in sec. 691(e) [now sec. 691(f)] has no legal effect. Sec. 7806(a).

fragmentation of a partnership interest (except to the extent that the statute otherwise expressly provides) may govern sales of such an interest to third parties (cf. *Donald L. Evans*, 54 T.C. 40 (1970)) does not compel its application in all situations where such an interest is transferred. In short, a partnership interest is not, as petitioner suggests, a unitary res, incapable of further analysis.

A partnership interest is a property interest, and an intangible one at that. A property interest can often be appropriately viewed as a bundle of rights. Indeed, petitioner suggests this viewpoint by pointing out that the partnership interest herein is "merely a right to share in the profits and surplus of the Partnership." That partnership interest had value only insofar as it represented a right to receive the cash or other property of the partnership. Viewed as a bundle of rights, a major constituent element of that interest was the right to share in the proceeds of the accounts receivable as they were collected. This right was admittedly not the same as the right to collect the accounts receivable; only the partnership had the latter right. But it does not follow from this dichotomy that the right of the estate to share in the collections merged into the partnership interest. Nothing in the statute compels such a merger. Indeed, an analysis of the applicable statutory provisions points to the opposite conclusion.

Accordingly, we hold that section 691(a)(1) and (3) applies and that the right to share in the collections from the accounts receivable must be considered a right to receive income in respect of a decedent. Consequently, section 1014(c) also applies and the basis of the partnership interest must be reduced from the fair market value thereof at Quick's death. The measure of that reduction under section 1014 is the extent to which that value includes the fair market value of a one-half interest in the proceeds of the zero basis partnership accounts receivable. See sec. 1.742–1, Income Tax Regs. It follows that the optional adjustment to basis made by the partnership under section 743(b) must be modified accordingly and that respondent's determination as to the amount of additional income subject to the tax should be sustained.[14] See Rev. Rul. 66–325, 1966–2 C.B. 249.

Petitioner would have us equate the absence of statutory language specifically dealing with the problem herein and purported inferences from tangential provisions with an intention on the part of Congress entirely to relieve from taxation an item that had previously been held subject to tax. We would normally be reluctant to find that Congress indirectly legislated so eccentrically. See separate opinion in *Henry McK. Haserot*, 46 T.C. 864, 877 (1966), affirmed sub nom.

---

[14] We reached a similar result in *Chrissie H. Woodhall*, T.C. Memo. 1969–279; that case involved a sale of the partnership interest by the decedent's successor in interest.

*Commissioner* v. *Stickney*, 399 F. 2d 828 (C.A. 6, 1968). In any event, as we have previously indicated, we think the enacted provisions prevent us from so doing herein.

We now turn to the issue of the taxability of the estate for the year 1961. The parties agree that the year is barred if the regular 3-year limitation applies. Sec. 6501(a). They also agree that the year is open and that petitioner is liable as transferee for any deficiency, if the special 6-year limitation of section 6501(e)(1) applies.[15] From our resolution of the first issue, it clearly appears that the estate omitted from its gross income an amount in excess of 25 percent of the gross income reported. The only question, then, is whether there was adequate disclosure.

The return of the estate for 1961 merely reveals the receipt of $1,561.13 ordinary income from the partnership. But respondent concedes that the 1961 partnership return can also be considered. *Nadine I. Davenport*, 48 T.C. 921, 928 (1967). Compare *Taylor* v. *United States*, 417 F. 2d 991 (C.A. 5, 1969). That return reports the partnership income on the basis of the theory that we have rejected, i.e., it gives the estate a high basis in the accounts receivable collected during the year. The return reflects as "gross receipts" only the *difference* between the actual amount collected and the purported adjusted basis under section 743(b). The balance sheet in the return discloses a decrease of $28,939.54 in "notes and accounts receivable." If this were all that the return revealed, we would hold that there was not adequate disclosure, even though it could be inferred from the balance sheet that only the purported gain had been reported and even though the fact that one of the partners was an estate might have suggested a basis under section 1014 and an election under section 754. Nor would we consider that the partnership return for the prior taxable year, which contained such election, would have cured the deficiency in disclosure. Cf. *Dean Babbitt*, 23 T.C. 850, 869 (1955). The statute requires not just disclosure but disclosure "in a manner

---

[15] SEC. 6501. LIMITATIONS ON ASSESSMENT AND COLLECTION.

(e) OMISSION FROM GROSS INCOME.—Except as otherwise provided in subsection (c)—

(1) INCOME TAXES.—In the case of any tax imposed by subtitle A—

(A) GENERAL RULE.—If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph—

(i) In the case of a trade or business, the term "gross income" means the total of the amounts received or accrued from the sale of goods or services (if such amounts are required to be shown on the return) prior to diminution by the cost of such sales or services; and

(ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item.

adequate to apprise the Secretary or his delegate of the nature and amount" of the omitted income.

But there is one additional fact of disclosure which cannot be overlooked. Schedule M of the 1961 return of the partnership not only reveals distributions of ordinary income of $1,561.13 to the estate but also withdrawals by, and distributions to, the estate of $32,587.50. The difference between these two amounts is in excess of the amount of additional receipts of the partnership which respondent now claims should be considered in computing the taxable income of the estate for 1961. Under these circumstances, we think that the "amount" of the omitted income was sufficiently disclosed. Nothing in the statute requires disclosure of the exact amount. See *Cardinal Life Insurance Co.* v. *United States*, 300 F. Supp. 387, 393 (N.D. Tex. 1969).[16] The touchstone in cases of this type is whether respondent has been furnished with a "clue" to the existence of the error. See *Benderoff* v. *United States*, 398 F. 2d 132, 136 (C.A. 8, 1968) ; *Louis Lesser*, 47 T.C. 564, 590 (1967) ; see also *Colony, Inc.* v. *Commissioner*, 357 U.S. 28, 36 (1958). Concededly, this does not mean simply a "clue" which would be sufficient to intrigue a Sherlock Holmes. But neither does it mean a detailed revelation of each and every underlying fact.

The respondent had clear notice that the estate received from the partnership an amount far in excess of the amount reported on the estate's return. We think that this, together with the information revealed by the balance sheet on the partnership return, constituted compliance with the statutory requirement. Consequently, we hold that the year 1961 is barred. *Colony, Inc.* v. *Commissioner, supra; Benderoff* v. *United States, supra; Genevieve B. Walker*, 46 T.C. 630 (1966). Respondent's reliance on *Phinney* v. *Chambers*, 392 F. 2d 680 (C.A. 5, 1968), is misplaced. In that case, there were two returns but it appears that the return for the taxpayer did not contain any indication of a relationship to the return which disclosed the claimed information, with the result that there was no suggestion that the latter return be considered. Cf. *Taylor* v. *United States, supra.*

*Decisions will be entered under Rule 50.*

---

[16] See also *Lyta J. Morris*, T.C. Memo. 1966–245.