WILLIAM THOMAS and LUCY E. THOMAS, ET AL.,* Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Thomas v. Commissioner
Docket Nos. 3504-70, 3506-70, 3638-70, 3640-70.
United States Tax Court
T.C. Memo 1973-261; 1973 Tax Ct. Memo LEXIS 26; 32 T.C.M. (CCH) 1235; T.C.M. (RIA) 73261; November 27, 1973, Filed Robert E. Teaford and Harry W. Quillian, *27 for the petitioners. Juandell D. Glass, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: These cases were consolidated because identical issues of fact and law are involved. 2 The Commissioner determined deficiencies in petitioners' Federal income taxes and additions to tax for negligence or intentional disregard of income tax rules and regulations under the provisions of section 6653(a). [1] For William and Lucy E. Thomas, Russell and Janice S. Wooton, and Ivan E. and Ruth J. Tope, the determinations were for the years 1963 through 1968. For Robert F. Nolan, the determinations were for the years 1965 through 1968. Subsequent to issuance of the deficiency notices, respondent redetermined the deficiencies and additions for reasons which will be discussed below. The issues presented for decision are: (1) whether the deficiencies determined by respondent can be assessed against any of the petitioners for the taxable years 1963 through 1965 under section 6501(e) (1) (A) and (2) whether any of the petitioners *28 are liable for additions to tax for the taxable years 1963 through 1965 under section 6653(a). All of the facts have been stipulated and are so found. 3 All petitioners resided in Columbus, Ohio, during the taxable years in issue and filed their returns with the district director of internal revenue in Cincinnati, Ohio. The Thomases, Wootons, and Topes filed joint returns and Nolan filed an individual income tax return during the years in issue. William Thomas, Janice S. Wooton, and Ruth J. Tope are involved in these proceedings only because joint returns were filed. Hence, the term "petitioners" will not refer to them. Petitioners Lucy E. Thomas, Russell Wooton, and Ivan E. Tope were employed as waitress/waiters by the Jai Lai Cafe, Inc., Columbus, Ohio (hereinafter referred to as "Jai Lai") during each of the taxable years 1963 through 1968. Petitioner Robert F. Nolan was employed as a waiter at the Jai Lai from 1965 to 1968. Subsequent to an audit of the returns of all the Jai Lai's waiters and waitresses by a revenue agent, each petitioner received a statutory notice of deficiency dated March 24, 1970. The deficiencies and additions determined in those notices *29 resulted from this audit, as did the deficiencies and additions we previously reviewed in Peter Chippi, T.C. Memo. 1971-236. The parties to this action have stipulated 4 that the facts found by us in Chippi, which were common to all waiters and waitresses at the Jai Lai, are to be applied to petitioners herein, except where contrary to facts stipulated.[2] We have incorporated below those facts found in Chippi which we find to be relevant to this case. During their years of employment by the Jai Lai, each petitioner received wages from their common employer as well as tips from customers. During the years in issue, none maintained any formal books or records of his or her tip income, although for years after 1965 all four petitioners cooperated with their employer in recording their tips on a weekly basis.
Following our decision in Chippi, respondent recomputed the reconstruction of these petitioners' incomes *30 to reflect the method approved by us therein. Essentially, this method called for a computation of omitted tip income for each year by first deriving each petitioner's average daily tip omission and 5 then multiplying this daily average by the actual number of days during each year that that petitioner worked. In view of the parties' stipulations, we see no need to repeat all the figures and computations here. In general, respondent determined each petitioner's average daily tip omissions as follows: (1) He determined actual total sales of each petitioner for each week of a sample eight-week period in 1966. (The weeks were those ending March 20 through April 10 and September 11 through October 2.) The Jai Lai's busiest times of each year were during the football season and at Christmas. (2) After computing each week's total sales, respondent multiplied by the average tip percentage [3] to determine net tip income for each sample week. *31 (3) From net tip income, the actual tips reported for each week were subtracted. This yielded 6 a weekly tip omission. (4) Respondent then totaled the eight weekly tip omissions and divided by eight to determine the average weekly tip omission. (5) Average daily tip omission was then determined by dividing the average weekly tip omission by the average number of days worked each week (6 days) during the eight-week sample period. (6) Multiplication of the average daily tip omission by the actual number of days worked each year resulted in respondent's determination of total omitted tip income for each taxable year. For each petitioner, the formula detailed above produced the following results for the years in issue: William and Lucy E. Thomas
Gross income Year
Reported
Omitted
Percent of omitted to
reported
1963 $ 6,432.30 $ 2,535.75
39.4
1964
6,199.75
2,556.45
41.2
1965
6,121.89
2,618.55
42.8
Russell and Janice S. Wooton
Gross income
Year
Reported
Omitted
Percent of omitted to reported
1963
$ 6,772.61
$ 2,275.91
33.6
1964
7,248.14
2,323.49
32.0
1965
9,059.17
1,966.64
[4] 21.7
Ivan E. and Ruth J. Tope
Gross income
Year
Reported
Omitted
Percent of omitted to reported
1963
$ 3,999.50
$ 2,263.41
56.6
1964
4,479.00
2,255.94
50.4
1965
5,839.56
2,293.29
39.3
Robert F. Nolan
Gross income
Year
Reported
Omitted
Percent of omitted to reported
1965
$2,397.05
$1,183.00
49.3
*32 7 In view of the stipulations of the parties, which (1) accept the formula adopted in Chippi, supra, (2) set forth the agreed computations flowing therefrom, and (3) contain certain concessions of the parties, the main issue before us is whether the determination of deficiencies for the taxable years 1963, 1964, and 1965 is barred by the 3-year period of limitations contained in section 6501(a) or is permissible because made within the 6-year period of limitations contained in section 6501(e). [5] Resolution of this issue turns upon 8 whether petitioners satisfied the disclosure requirements of section 6501(e) (1) (A) (ii). That section requires that: In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such *33 item. *34 9 Petitioners present the following reasoning to sustain their argument that there was sufficient disclosure to apprise the respondent of the omitted tip income: (1) they all disclosed their occupations as waitress/waiters, (2) the tips were reported in "round figures," and (3) it is common knowledge that tip income is frequently understated. We reject this reasoning. The applicable statutory provision clearly requires a disclosure of two elements, namely, "the nature and amount" of the omitted item. (Emphasis added.) Estate of Leonard E. Whitlock, 59 T.C. 490, 510 (1972), on appeal (C.A. 10, May 25, 1973). See also George Edward Quick Trust, 54 T.C. 1336, 1347 (1970), affirmed per curiam 444 F.2d 90 (C.A. 8, 1971). Here, there is no question but that an "amount" of tip income was omitted. [6]
Colony, Inc. v. Commissioner, 357 U.S. 28 (1958), upon which petitioners rely heavily, is clearly distinguishable. That case arose under section 275(c) of the Internal Revenue Code of 1939, the predecessor of section 6501(e) (1) (A), and involved the interplay 10 *35 between "gross receipts" and "gross income." [7] All the receipts had been disclosed but cost of goods sold had been overstated. Under these circumstances, the Supreme Court held that there was not an omission from gross income within the meaning of section 275(c) and, in so doing, made the following statement which has particular relevance herein: * * * [The] taxpayer says that the statute is limited to situations in which specific receipts or accruals of income items are left out of the computation of gross income. For reasons stated below we agree with the taxpayer's position. [See 357 U.S. AT 33. See also Louis Lesser, 47 T.C. 564, 587, 590 (1967).] George Edward Quick Trust, supra, and Louis Lesser, supra, also relied upon by petitioners, are likewise distinguishable. In the former case, *36 all of the necessary information had been disclosed and the only question was which documents should properly be considered in determining whether the disclosure requirements of the statute had been met. In the latter case, there was less than a 25-percent omission 11 from gross receipts (see 47 T.C. at 589), so this Court, in applying section 275(c) of the Internal Revenue Code of 1939, was faced with a question similar to that involved in Colony, Inc. v. Commissioner, supra.
That the petitioners' tip income was reported in "round" figures and that it may be common knowledge that tip income is frequently understated provide too slim a justification for according them the benefits of the disclosure provisions of section 6501(e) (1) (A) (ii). To hold, as petitioners would have us do, that if a type of income is revealed in a tax return, there is sufficient disclosure, even though the amount is understated, would emasculate the statute. [8] Compare Fred Draper, 32 T.C. 545, 554 (1959). Accordingly, except for the Wootons in respect of the taxable year 1965 (see footnote 4, supra), we sustain all of the deficiencies determined by respondent *37 against the petitioners herein, as altered by the stipulations, for the taxable years 1963, 1964, and 1965. 12 The second issue is whether any petitioners (excluding the Wootons in respect of the taxable year 1965) are liable for additions to their tax for the taxable years 1963, 1964, and 1965 under the provisions of section 6653(a). [9]Petitioners have the burden of proving that respondent's determinations were erroneous on this issue. David Courtney, 28 T.C. 658 (1957); Rule 32, Tax Court Rules of Practice.
*38 Since the record is devoid of any evidence on this issue, we uphold respondent's determinations, which, of course, must be adjusted to reflect the altered amounts of the underlying deficiencies computed in accordance with the stipulations of the parties. Decisions will be entered under Rule 50. Footnotes
*. Cases of the following petitioners were consolidated for trial and briefing: Russell Wooton and Janice S. Wooton, Docket No. 3506-70; Ivan E. Tope and Ruth J. Tope, Docket No. 3638-70; Robert F. Nolan, Docket No. 3640-70. ↩
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. ↩
2. In Morris Schnitzer, a Memorandum Opinion of this Court dated March 12, 1953, affirmed per curiam 212 F.2d 437↩ (C.A. 9, 1954), we took similar action and incorporated the entire record of an earlier, but interralated, Tax Court case. 3. Originally respondent used a different average tip percentage for each petitioner based on his or her charged sales with charged tips added on. Since the parties recomputed the omissions in compliance with the formula used in Peter Chippi, T.C. Memo. 1971-236↩, we have not been shown what those original percentages were. (In Chippi, they ranged from 13.8 percent to 14.9 percent.) However, based on Chippi, the stipulations herein show a figure of 12.5 percent applied uniformly to each petitioner with allowances for splitting tips with busboys. Each petitioner gave 20 percent of the tips he or she received to his or her busboy. 4. Respondent has conceded that assessment and collection of tax due from Russell and Janice S. Wooton for the taxable year 1965 is barred by the statute of limitations. ↩
5. Insofar as pertinent, section 6501 provides as follows: SEC. 6501.LIMITATIONS ON ASSESSMENT AND COLLECTION. (a) General Rule. - Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. * * * (e) Substantial Omission of Items. - Except as otherwise provided in subsection (c) - (1) Income taxes. - In the case of any tax imposed by subtitle A - (A) General rule. - If the taxpayer omits from gross income an amount properly includible therein which is in excess of 25 percent of the amount of gross income stated in the return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time within 6 years after the return was filed. For purposes of this subparagraph - * * * (ii) In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary or his delegate of the nature and amount of such item. ↩
6. See H. Allen Smith, T.C. Memo. 1957-171↩. 7. Section 6501(e) (1) (A) (i) and (ii)↩, enacted as part of the Internal Revenue Code of 1954, specifically eliminated this interplay by keying the omission to gross receipts and introduced the disclosure requirement. See H. Rept. No. 1337, 83d Cong., 2d Sess., pp. 107, A415 (1954); S. Rept. No. 1622, 83d Cong., 2d Sess., p. 584 (1954). 8. Nothing in Lyta J. Morris, T.C. Memo. 1966-245, dictates a contrary conclusion. In that case, a wife made a full disclosure on her return of her inability to obtain the necessary information as to her share of community income. It was in the context of that unusual situation that this Court observed that section 6501(e) (1) (A)↩ did not require the "specific disclosure of the dollar amount omitted." 9. SEC. 6653. FAILURE TO PAY TAX. (a) Negligence or Intentional Disregard of Rules and Regulations with Respect to Income or Gift Taxes. - If any part of any underpayment (as defined in subsection (c) (1)) of any tax imposed by subtitle A or by chapter 12 of subtitle B (relating to income taxes and gift taxes) is due to negligence or intentional disregard of rules and regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment. ↩