VIRGINIA M. CLINE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cline v. Commissioner
Docket Nos. 2301-83; 35506-83.[1]
United States Tax Court
T.C. Memo 1988-144; 1988 Tax Ct. Memo LEXIS 170; 55 T.C.M. (CCH) 540; T.C.M. (RIA) 88144; April 7, 1988. Dennis E. Frisby and John J. *172 Jiganti, for the petitioner. Michael J. Calabrese, Victoria S. Crosley, and James C. Lanning, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiences in petitioner's Federal income tax for the years 1975, 1977 and 1978 as follows: Year
Deficiency
1975
$ 45,839.03
1977
$ 66,207.71
1978
$ 64,538.17
The matter is before the Court on petitioner's Motion for Summary Judgment pursuant to Tax Court Rule 121. [2] For convenience, we have combined the findings of fact with the opinion. Petitioner, Virginia M. Cline ("petitioner"), as an officer of the George F. Harding Museum ("museum") located in Chicago, Illinois and held the positions titled Associate and Executive Director and Assistant Secretary and Treasurer of the Museum. The museum was granted tax exempt status under 1939 I.R.C. section 101(6) by letter dated August 21, 1952, which was not revoked *173 as of the end of 1978. The museum's returns, Form 990-PF (Return of Private Foundation Exempt from Income Tax), showed payments to petitioner for full-time services in connection with her museum positions, for 1975, 1977 and 1978 in the amounts of $ 22,360.50, $ 22,260.48 and $ 22,260.48, respectively. In each case, the museum's return, Form 990-PF, listed these payments to petitioner by the museum as "excepted acts," within the meaning of section 4941, [3] which were not subject to excise tax liability. *174 The museum's returns for 1975, 1977 and 1978 were timely filed prior to the date prescribed by law including extensions by November 15, in the year following the year to which the Forms 990-PF relate. The notice of deficiency for 1975 is dated November 3, 1982. The notice of deficiencies for 1977 and 1978 is dated November 8, 1983, and superseded by a second notice of deficiency dated November 10, 1983, which made a correction to petitioner's social security number. In all cases, the notices of deficiency were mailed more than 3 years after the timely filing of the museum's returns. The issue for decision is whether the expiration of the 3-year statute of limitations bars the Commissioner from assessing excise taxes determined by him, or whether the 6-year statute of limitation applies because compensation paid to petitioner by the museum was not adequately disclosed to the Commissioner within the meaning of section 6501(e)(3). The second issue is whether the return filed by the museum (Form 990-PF) was the correct form for disclosure. We will first determine if petitioner's compensation was disclosed on the proper form, and next, if necessary, the adequacy of such disclosures.
*175 Section 6501(a) requires that the Commissioner must assess any tax within 3 years of the due date of the return or the date on which the return is actually filed, whichever is later. However, a 6-year statute of limitations includible thereon which exceeds 25 percent of the amount of such tax reported thereon." Section 6501(e)(3). The extended 6-year period does not apply pursuant to section 6501(e)(3) where there is adequate disclosure in the return or in a statement attached thereto: In determining the items omitted on a return, there shall not be taken into account any amount of tax imposed by chapter 41, 42, 43, or 44 which is omitted from the return if the transaction giving rise to such tax is disclosed in the return, or in a statement attached to the return, in a manner adequate to apprise the Secretary of the existence and nature of such item. [Section 6501(e)(3).] Respondent argues that petitioner did not file a Return of Certain Excise Taxes on Charities and Other Persons Under Chapter 41 and 42 of the Internal Revenue Code (Form 4720) for any of the years at issue, and that petitioner therefore has not reported any tax properly includible on such return, nor disclosed *176 the nature and existence of any transaction giving rise to a tax properly reportable on such return. Respondent continues that the lack of filing of a Form 4720 is tantamount, for the purposes of section 6501(e)(3), to reporting zero tax, and thus, any amount of tax omitted from the form although properly includible on such return exceeds 25 percent of the zero amount reported. Petitioner contends that section 301.6501(n)-1(a)(1), [4] Proced. and Admin. Regs., specifically provides that Form 990-PF is the return referred to in section 6501. These regulations read as follows: A return filed by a private foundation, plan, or trust (as in the case may be) with respect to any act giving rise to a tax imposed by chapter 42 (other than the tax imposed by section 4940), or by section 4975 shall be considered, for purposes of section 6501, to be the return of all persons required to file a return with respect to any such tax arising from such act, notwithstanding that all such persons have not signed the return. In the case of a private foundation that files a Form 990-PF (or a Form 5227 in the case of a nonexempt foundation described in section 4947(a)(2)), which contains questions *177 with respect to such taxes, the filing of such form by such foundation shall constitute the filing of a return with respect to any such act, even though the foundation incorrectly answered such questions. [Emphasis supplied.] The regulations specifically provide that Form 990-PF, if filed, is a proper form for disclosure with respect to the statute of limitations. Moreover, the Forms 990-PF (Part V) for the years at issue specifically stated that a taxpayer should file the Form 4720 only if "any of questions 10(b), 11(b) or 14(b) is answered "no" or question 10(c), 12(b) or 13(a) or (b) is answered "yes." The museum's answer to question 10(b), a relevant question is this case, was "yes" and therefore did not trigger the filing of a Form 4720. We agree with petitioner on this issue. We must next determine whether the disclosure on the Form 990-PF was adequate to "apprise the Secretary of the existence and nature of such item." Section 6501(e)(3). The Commissioner argues that the forms did not disclose *178 the true nature of the transactions about which several disputed facts exist, and that therefore the 6-year limitation applies. Petitioner argues that for purposes of the statute of limitations, there was adequate disclosure. Petitioner emphasizes that her Motion for Summary Judgment is procedurally based on the statute of limitations and not on the premise that there are no undisputed facts as to the ultimate underlying issue of whether the self-dealing tax applies. Whether a return adequately discloses a transaction is a question of fact. See Quick Trust v. Commissioner,54 T.C. 1336, 1346 (1970), affd. per curiam 444 F.2d 90 (8th Cir. 1971). The Supreme Court has articulated, in considering section 6501(e)'s predecessor, that the purpose of that section is to extend the period of limitations if the Commissioner is "at a special disadvantage in detecting errors" because of the taxpayer's failure to report an item on the return. Colony, Inc. v. Commissioner,357 U.S. 28, 36 (1958). The Supreme Court further noted in Colony that the extended period of limitations, now 6 years, applies when "the return on its face provides *179 no clue to the existence of the omitted item." Colony, Inc. v. Commissioner, supra at 36. (Emphasis supplied.) In this case, respondent contends that there was not adequate disclosure because genuine disputes exist as to material facts that go to the adequacy of the disclosure, including the amount of time petitioner devoted to the museum, whether the services (if any) were reasonable and necessary, and whether the compensation was excessive, among other things. Respondent contends that disclosure of compensation for services reveals nothing unusual, that it is not cause for self-dealing liability, and that it does not apprise the government of the nature and existence of the self-dealing transaction. Respondent argues that if petitioner is liable for the excise tax, the fact that the return stated that the compensation was excepted from section 4941 liability establishes that the disclosure was not adequate for section 6501(e)(3) purposes. Petitioner counters that the concerns raised by respondent relate to the ultimate issue of whether the self-dealing tax applies, a determination not necessary for us to rule on the statute of limitations issue. Petitioner *180 posits that her compensation was reasonable and that the museum returns correctly indicated that her compensation was "excepted." Moreover, petitioner notes that section 301.6501(n)-1(a)(1) of the Regulations provides that the filing of the Form 990-PF which contains questions with respect to excise taxes shall constitute the filing of a return for statute of limitation purposes "even though the foundation incorrectly answered such question." See section 301.6501(n)-1(a)(1), Proced. and Admin. Regs. In summary, petitioner rejects respondent's argument that she misstated the facts of the underlying transaction by checking the box that petitioner's compensation was "excepted," or that there was not adequate disclosure because petitioner failed to disclose that the compensation was not reasonable and necessary. For all relevant tax years, the museum responded to the questions provided in (Part V), question 10(b) of the Form 990-PF, which is related to the issue of self-dealing, and the museum affirmatively indicated that it did not engage in the "acts" of self-dealing listed on the return, and was therefore not required to file a Form 4720. The museum answered respondent's set of *181 questions on respondent's form. Petitioner correctly points out that according to respondent's argument, there would be adequate disclosure only if the return had "affirmatively" indicated that the compensation was not reasonable and necessary to carry out the exempt purpose of the museum and that the compensation was subject to the self-dealing excise tax, a position petitioner denies. We agree with petitioner that this is a circular position. In other cases, we have examined the issue of adequate disclosure. See, e.g., Quick Trust v. Commissioner, supra;Walker v. Commissioner,46 T.C. 630 (1966). In Quick Trust, we held that an estate's income tax return for 1961 taken together with a partnership return, of which decedent was half-owner, adequately disclosed the gross income of the partnership, so that the 6-year limitation of section 6501(e) did not apply and the Commissioner was barred from assessing tax for the year 1961. In determining the issue of adequate disclosure, we re-emphasized that: The touchstone in cases of this type is whether respondent has been furnished with a "clue" * * *. * * * this does not mean simply a "clue" *182 which would be sufficient to intrigue a Sherlock Holmes. But neither does it mean a detailed revelation of each and every underlying fact. [Emphasis added.]
See Quick Trust v. Commissioner, supra at 1347. We find that there was adequate disclosure to satisfy the requirements of 6501(e)(3) in the instant case. The salaries at issue were reported on the Form 990-PF and the museum acknowledged that it engaged in the payment of compensation to "disqualified persons" on those same forms. Respondent had 3 years to question the legitimacy of the disclosures. Those same "clues" which respondent asserts are so lacking, nevertheless caused respondent to question their legitimacy after the expiration of the 3-year period of limitations. That respondent had every opportunity to assert his concerns from a review of the same "clues" within the 3-year period, but did not, is a lost opportunity that we cannot now remedy. Petitioner's Motion for Summary Judgment is granted. An appropriate order will be entered.
Footnotes
1. These dockets have been consolidated for the purpose of this opinion. ↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue, and all rule references are to the Tax Court Rules of Practice and Procedure. ↩
3. Compensation to officers of an exempt organization does not give rise to section 4941 excise tax liability if paid for personal services reasonable and necessary to carrying out the exempt purpose of the foundation and if not excessive. I.R.C. section 4941(d)(2)(E). In the notices of deficiency for the tax years 1975, 1977 and 1978, respondent determined that the payments to petitioner constituted acts of self-dealing and also determined additional taxes in the form of a 200 percent increase pursuant to section 4941(b)(1), as well as other related additions under sections 4941(b)(2) and 6684↩ to arrive at the final deficiencies of tax listed in this opinion. 4. This regulation became final pursuant to Treasury Decision 7838, October 5, 1982, and is effective as of January 1, 1970. See T.D. 7838, 1982-2 C.B. 357↩.