T.C. Memo. 2014-100

UNITED STATES TAX COURT

ESTATE OF HAZEL F. HICKS SANDERS, DECEASED, MICHAEL W.
SANDERS AND SALLIE S. WILLIAMSON, CO-EXECUTORS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14489-12.                    Filed May 27, 2014.

<u>Harris H. Barnes, III</u>, for petitioners.

<u>Thomas A. Friday</u> and <u>John F. Driscoll</u>, for respondent.

MEMORANDUM OPINION

KROUPA, <u>Judge</u>:  This matter is before the Court on the Estate of Hazel

Hicks Sanders' (estate's) motion for partial summary judgment.  <u>See</u> Rule 121.[1]

_____

[1]All Rule references are to the Tax Court Rules of Practice and Procedure,
(continued...)

**[*2]**                              <u>Background</u>

<u>Decedent</u>

Hazel Hicks Sanders (decedent) died on April 5, 2008. She was survived by her children, Michael W. Sanders and Sallie S. Williamson, coexecutors of her estate (coexecutors). Decedent was the widow of the late James M. Sanders, founder of Jimmy Sanders, Inc. (JSI). Decedent owned 41,073 shares of JSI common stock when she died.[2]

In 1953 the late Mr. Sanders founded the company that ultimately became JSI. He had decided to form his own farm supply company after having returned from World War II. Through hard work and dedication, the late Mr. Sanders and his family grew JSI from a fledgling startup into one of the largest agricultural input supply and distribution businesses in the Midsouth, with locations in eight States, including Mississippi, Arkansas, Louisiana, Tennessee, Alabama, Georgia, Kentucky and Texas.

---

[1](...continued)
and all section references are to the Internal Revenue Code in effect at all relevant times, unless otherwise indicated.

[2]Decedent resided in Mississippi when she died. Her last will and testament was probated in Mississippi. Michael W. Sanders resided in Mississippi when the petition was filed. Sallie S. Williamson resided in Alabama when the petition was filed.

**[*3]** Giving Program

Decedent made gifts of JSI stock to her family members each year from 1999 through 2008 (years at issue). Decedent timely filed Forms 709, United States Gift (and Generation-Skipping Transfer) Tax Return, reporting the gifts for the years at issue (gift tax returns).[3]

Respondent examined the gift tax returns and in 2012 issued deficiency notices for Federal gift tax for 9 of the 10 years at issue (gift tax notices).[4] The gift tax notices were sent to the coexecutors' last known addresses. The estate did not challenge the gift tax notices.

Estate Tax Return

The estate reported the fair market value of the JSI shares to be $3,696,570, or $90 per share, on its Form 706, United States Estate (and Generation Skipping Transfer) Tax Return. Respondent increased the value of the adjusted taxable gifts the estate reported on the Form 706 by $3,248,613 to reflect the determinations in the gift tax notices.

---

[3]The gift tax returns for 2005 and 2006 were filed within their respective 6-month extensions.

[4]Respondent did not issue a deficiency notice for 2004 because decedent did not owe additional gift tax for 2004.

**[\*4]** Respondent issued a deficiency notice for Federal estate tax to the estate. The estate filed the petition to challenge respondent's increasing the value of the adjusted taxable gifts the estate reported on the gift tax returns.

## Discussion

This matter concerns when the periods of limitation applicable to Federal gift tax assessments begin to run. We start with our summary judgment standard. We then turn to the relevant periods of limitation. We finish by deciding whether a genuine dispute exists concerning whether the relevant periods of limitation had run before respondent issued the gift tax notices.

## I. Summary Judgment

We begin with our summary judgment standard. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. See, e.g., FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74 (2001). We will grant a motion for summary judgment or partial summary judgment only if it is shown that there is no genuine dispute as to any material fact and that we may render a decision as a matter of law. See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. 226, 238 (2002). The moving party bears the burden of proving that there is no genuine dispute as to any material fact, and we view all

**[*5]** factual materials and inferences in the light most favorable to the nonmoving party. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985).

## II. Periods of Limitation on Assessment

We now turn to the relevant periods of limitation for assessing Federal gift tax. An individual who in any calendar year makes any transfer by gift, subject to exceptions not relevant here, must file a return for that year with respect to the gift tax imposed on that transfer. Sec. 6019. A gift tax return must be filed on a Form 709. Sec. 25.6019-1(a), Gift Tax Regs. The Commissioner is generally required to assess gift tax within three years after a Form 709 is filed. See sec. 6501(a). The period of limitation will commence once a taxpayer discloses a gift on a Form 709, or on a statement attached to a Form 709, in a manner that is adequate to apprise the Secretary of the nature of the gift. See sec. 6501(c)(9).

Before Congress enacted section 2001(f) through the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, sec. 506(a), 111 Stat. at 855, the Commissioner could redetermine the value of prior taxable gifts for purposes of Federal estate tax. See Estate of Smith v. Commissioner, 94 T.C. 872, 878 (1990). The effect was not to tax the prior gifts, but to tax the assets passing in the gross estate at the highest applicable marginal rate. Id. at 879-880. Now, the value of a prior taxable gift will be treated as finally determined if the gift is shown on a Form 709 and the

**[*6]** Commissioner does not contest the value of the gift before the period of limitations on assessment has run. Sec. 2001(f)(2)(A). The value of a gift will be treated as being shown on a Form 709 if the gift is disclosed on Form 709, or in a statement attached to Form 709, in a manner that is adequate to apprise the Secretary of the nature of the gift. Sec. 2001(f)(2) (flush language).

Whether decedent's giving program had triggered the periods of limitation on assessment, therefore, depends on whether decedent adequately disclosed the nature of the gifts in the gift tax returns. The Secretary has promulgated regulations that describe when such a transfer is adequately disclosed. See sec. 301.6501(c)-1(f)(2), Proced. & Admin. Regs.

We now look to what adequate disclosure means under the regulations. In general, a transfer reported on a Form 709 or on a statement attached to a Form 709 will be considered adequately disclosed if the taxpayer provides, among other things, a detailed description of the method used to determine the fair market value of the property transferred, including any financial data (for example, balance sheets, etc., with explanations of any adjustments) that were used in determining the value of the property. Id. sec. 301.6501(c)-1(f)(2)(iv).

**[\*7]** III.  Genuine Dispute of Material Fact

Whether a statement attached to a gift tax return adequately discloses a gift is a question of fact.  Cf. Quick Trust v. Commissioner, 54 T.C. 1336, 1346 (1970) (applying the adequate disclosure requirement of section 6501(e)(1)(A)(ii)), aff'd per curiam, 444 F.2d 90 (8th Cir. 1971).  The estate maintains that the statements decedent attached to the gift tax returns meet the adequate disclosure requirements so as to have triggered the running of the periods of limitation on assessment. Thus, the estate argues, the gift tax notices were issued after the relevant periods of limitation on assessment had run for the years at issue.[5]  Respondent points to the statements that the estate attached to the gift tax returns and argues that they did not adequately disclose the nature of the JSI stock or the basis of the value so reported and therefore did not trigger the running of the periods of limitation on assessment.  Respondent contends JSI owned but did not disclose its ownership of another closely held entity--something the regulations require if that information is relevant and material in determining the value of the JSI stock.  See sec. 301.6501(c)-1(f)(2)(iv), Proced. & Admin. Regs.

---

[5]We note that even under the estate's argument, the gift tax notice relating to 2008 appears to have been issued within the relevant period of limitation.

**[*8]**   The estate has failed to show there is no genuine dispute as to whether the statements decedent attached to the gift tax returns adequately disclosed the nature of the JSI stock or the basis of the value so reported so as to trigger the running of the periods of limitation on assessment.  Accordingly, we will deny the estate's motion for partial summary judgment.  See Rule 121(b); Elec. Arts, Inc. v. Commissioner, 118 T.C. at 238 (2002).

IV.  Conclusion

We will deny the estate's motion for partial summary judgment, and we will schedule a trial in due course to determine the material facts in dispute.

To reflect the foregoing,

An appropriate order will be issued.