**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BEVERLY CLARK COLLECTION, LLC, Nelson Clark, Tax Matters Partner, | No. 12-71968 |
| Petitioner - Appellee, | Tax Ct. No. 27538-08 |
| v. | MEMORANDUM[*] |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent - Appellant. | |

Appeal from an Order and Decision of the
United States Tax Court
John O. Colvin, then-Chief Judge, Presiding

Argued and Submitted April 9, 2014
Pasadena, California

Before: FARRIS and HURWITZ, Circuit Judges, and FRIEDMAN, Senior District Judge.[**]

The Commissioner of Internal Revenue (the "IRS") appeals the Tax Court's

grant of summary judgment in favor of petitioner-appellee Nelson Clark, in his

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Paul L. Friedman, Senior District Judge for the U.S. District Court for the District of Columbia, sitting by designation.

capacity as the Tax Matters Partner of the Beverly Clark Collection, LLC ("BCC"). The Tax Court held that the IRS's failure to timely issue to BCC a Notice of Final Partnership Administrative Adjustment ("FPAA") foreclosed its efforts to make adjustments to BCC's partnership tax returns, and to the individual returns of Nelson and his wife Beverly, for tax years 1999 and 2000. The timeliness of the FPAA depended on whether the standard three-year period of limitations for tax assessment applied or, instead, an extended six-year period. The IRS maintained that the extended period should apply, but the Tax Court held otherwise. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we vacate the Tax Court's Order and Decision and remand for further proceedings.

The applicability of the six-year period turns on whether "the taxpayer omits from gross income an amount properly includible therein and [] such amount is in excess of 25 percent of the amount of gross income stated in the return." 26 U.S.C. § 6501(e)(1)(A)(i). To support its contention that the extended period had been triggered, the IRS advanced two distinct arguments before the Tax Court. First, it maintained that Nelson and Beverly Clark had failed to disclose more than $10 million in proceeds earned through the March 2000 liquidation and sale of BCC. This argument hinged on the IRS's contention that the Clarks' purported sale in December 1999 of an 80.01% interest in BCC to an entity named the Fausset Trust was a sham

2

transaction. Because this transaction was illegitimate, the IRS argued, the Clarks earned the full gain from the sale of BCC in March 2000 and therefore they should have disclosed this gain on their returns for that year. In the alternative, the IRS argued that the Clarks had overstated their basis in BCC, which amounted to an omission from gross income sufficient to trigger the extended limitations period.

The Tax Court addressed only the latter argument; it made no mention of the former. The IRS now concedes that an overstatement of basis cannot constitute an omission from gross income under 26 U.S.C. § 6501(e)(1)(A)(i), in light of the Supreme Court's rejection of this theory in *United States v. Home Concrete & Supply, LLC*, 132 S. Ct. 1836 (2012). But the IRS maintains that its other argument provides a valid foundation for applying the extended limitations period and that the Tax Court erred in ignoring it.

Although this court's review is *de novo*, *Sollberger v. Comm'r*, 691 F.3d 1119, 1123 (9th Cir. 2012), we conclude that it would be helpful for the Tax Court to address the IRS's remaining argument in the first instance. *See Johnson v. Wells Fargo Home Mortg., Inc.*, 635 F.3d 401, 413 (9th Cir. 2011) (recognizing that even on *de novo* review, remand to the trial court may be warranted to promote "the appropriate division of appellate and trial court roles" in cases where the trial court's opinion is "spare" or "non-existent"). BCC argues that the IRS's legal theory lacks

3

both precedential and factual support, and accordingly urges this court to affirm the Tax Court's grant of summary judgment in its favor. But the novelty of the IRS's argument bolsters the good sense in allowing the Tax Court, with its unique expertise in interpreting the Internal Revenue Code, to consider it first. *See Meruelo v. Comm'r*, 691 F.3d 1108, 1114 (9th Cir. 2012).

**VACATED AND REMANDED.**

**Each party shall bear its own costs on appeal.**